KITTS *v.* STATE.

Opinion delivered June 28, 1901.

1. MURDER—SUFFICIENCY OF INDICTMENT.—An indictment for murder which alleges that on November 25, 1901, appellant did kill and murder J. by shooting the said J. in the side and body with a deadly weapon, from which wound said J. "on the 25th day of November, 1901, die, against the peace," etc., sufficiently alleges that J. did die. (Page 524.)

2. CONTINUANCE—INCOMPETENT EVIDENCE.—It was not error to refuse a continuance on account of the absence of a witness who, if present, would testify that deceased had made threats of killing defendant, and that witness had communicated such threats to defendant, if the evidence adduced at the trial showed that when killed deceased was not threatening or making any effort to assault defendant. (Page 524.)

3. ORAL EVIDENCE—COLLATERAL FACT.—On a trial for murder it may be shown by parol evidence that on the day of the killing a warrant had been issued at the instance of deceased by a magistrate for the arrest of defendant, that deceased was a witness, and that defendant was fined, without producing the warrant and record of the proceedings. (Page 524.)

Appeal from Desha Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*B. Harris Motley* and *F. M. Rogers,* for appellant.

The court erred in refusing a continuance. 119 Ill. 151; 34 Tex. Cr. 277; 92 Ky. 485; 72 Ga. 98; 5 Am. Crim. Rep. 443. The affidavit for continuance on the ground of absence of a witness must show due diligence in procuring the attendance of the witness. 144 Ind. 290; 39 La. 918; 154 Ind. 1; 54 Mo. 274; 22 Tex. 593. And that defendant was not absent by defendant's consent or procurement. Thomps. Cas. (Tenn.), 192. The court erred in permitting oral evidence to show the proceedings in the mayor's court. 2 Greenl. Ev. § 9; 1 Sneed, 276; 10 Ark. 398; 57 Ark. 402; 1 Ga. 231. The contents of an instrument of writing cannot be shown by oral evidence, until it is shown that the original cannot be procured. . Hughes, Cr. Law, 827; 52 Ia. 46; 2 N. W. 597. The record of a former acquittal or conviction is the only competent evidence of the same. 105 Ind. 589; 5 N. E. 735; 26 Ga. 579; 101 Mass. 25; 72 Miss. 95; 16 So. 202; 150 Mass. 315; 23 N. E. 47; 84 Me. 436; 24 Atl. 985; 34 S. C. 16; 12 S. E. 619; 43 Minn. 196; 45 N. W. 152; 121 Mo. 566; 26 S. W. 901; 94 Tenn. 505; 29 S. W. 901; 45 La. 973; 13 So. 349; Under. Cr. Ev. § 514. The killing was murder in the second degree. 145 Mo. 240; 44 S. W. 764; 46 S. W. 959; 41 Atl. 134; 117 Ala. 16; 23 So. 77; 69 Mo. 451. Malice, willfulness, deliberation and premeditation are necessary to constitute murder in the first degree.

20 W. Va. 709; 57 Mo. 40. The killing was in self defense. 5
Yerg. (Tenn.), 459; 1 Humph. 479; 11 Humph. 200. Circum-
stantial evidence is inferior to that of an eyewitness. 2 Thomp.
Trials, § 2501.

*George W. Murphy, Attorney General,* for appellee.

The indictment was sufficient. 26 Ark. 325; 29 Ark. 265.
The testimony of the absent witness was inadmissible, and it was
not error to refuse a continuance. 2 Bish. Cr. Pro. § 620; 22
Ark. 355; 36 Ark. 653. The testimony of the mayor was properly
admitted, and tended to show defendant's motive for the killing.
Under. Cr. Ev. § 44; 1 Greenl. Ev. §§ 89-90.

BATTLE, J. The indictment in this case is as follows: "The
grand jury of Desha county, Arkansas City district, in the name
and by the authority of the state of Arkansas, accuse Jim Kitts
of the crime of murder in the first degree, committed as follows,
to-wit: The said Jim Kitts, in the county, district and state
aforesaid, on the 25th day of November, A. D. 1901, did unlaw-
fully, willfully, feloniously, with malice aforethought, deliberation
and premeditation, kill and murder Jim Johnson by shooting the
said Jim Johnson in the side and body of him, the said Jim John-
son, with a deadly weapon, to-wit, a Winchester rifle, loaded with
gunpowder and leaden balls, and then and there held in the hands
of him, the said Jim Kitts, from which wound so received said
Jim Johnson, on the 25th day of November, 1891, die, against
the peace and dignity of the state of Arkansas." A demurrer to it
was filed and overruled.

The defendant was then arraigned; pleaded not guilty; was
tried by a jury, and convicted of murder in the first degree; and he
appealed.

On the day of the trial he filed a motion for a continuance,
and for cause said: "That Tom Watson, a witness for the defend-
ant, is absent; that said Tom Watson is a resident of the town of
Arkansas City; that immediately after the setting of this case by
the court for trial upon this day defendant caused a subpœna for
said witness to be issued, and placed said subpœna in the hands
of the sheriff for service; that said subpœna is returned not served;
that defendant believes that by said witness he will prove that the
decedent, Jim Johnson, uttered threats of killing defendant; that
said witness communicated said threat to defendant; that said

threats were made upon the day of the killing of said Jim Johnson; that affiant believes said facts to be true; that said witness is not absent by consent, connivance, or procurement of affiant."

The court denied the motion, and proceeded to try the defendant.

In the progress of the trial, A. Driedell, mayor of Arkansas City, testified, over the objection of the defendant, that he, as mayor, issued a warrant for the arrest of the defendant, at the instance of Jim Johnson, the deceased, and Pat Henderson; that Johnson was a witness in the case, and the defendant was fined; and that he was tried on the same day the deceased was killed, the trial occurring about 1 o'clock in the afternoon, and the killing between 7 and 8 o'clock p. m.

The appellant insists that the judgment of the trial court should be reversed for the following reasons:

First. Because the indictment is defective.

Second. Because the court overruled his motion for a continuance.

Third. Because the court erred in admitting the testimony of Driedell.

The appellant contends that the indictment is defective, because the following allegation is made in it, "from which wound so received said Jim Johnson, on the 25th day of November, 1901, die." He says it does not appear from this allegation that he *did* die or *will* die. But when it is read in connection with what precedes it clearly appears that *did die* is meant.*

The refusal to continue was not prejudicial. The evidence adduced at the trial showed that the deceased was not, at the time he was killed, threatening or making any effort to assault the appellant; and that, if the absent witness had been present at the trial, his testimony would not have been admissible.

The testimony of Driedell was competent. The contents of the warrant or judgment were not in issue. The facts testified to by the witness were collateral, and tended to show appellant's motive for killing the deceased, and were provable by oral evidence. *Long* v. *State,* 10 Tex. App. 186; Under. Crim. Ev. § 44.

The evidence adduced at the trial was sufficient to sustain the verdict of the jury.

Judgment affirmed.

---

* *Contra,* see *State* v. *Hagan,* 164 Mo. 654 (Rep.).