## MORRIS v. STATE.

### Opinion delivered March 18, 1912.

1. CONTINUANCE—DISCRETION OF COURT.—Motions for continuance are addressed to the sound discretion of the trial court, and there must be an arbitrary and capricious exercise of such discretion to warrant a reversal on account of the denial of such a motion. (Page 353.)

2. SAME—ABUSE OF DISCRETION.—It was no abuse of discretion to deny a motion for continuance on account of the absence of witnesses where the desired testimony was either incompetent as tending to impeach the prosecuting witness in a collateral matter, or was merely cumulative, or tended to prove an admitted fact. (Page 353.) .

3. TRIAL—REMARK OF COUNSEL.—Where, in a prosecution for carnal abuse, the evidence showed that the prosecutrix had a baby of which she claimed that defendant was the father, and defendant's attorney asked her to bring the baby in, it was not prejudicial error for counsel for the State to say: "Bring in Bill's [the defendant's] baby." (Page 354.)

4. SAME—INSTRUCTION AS TO REASONABLE DOUBT.—Refusal to give an instruction as to reasonable doubt was not prejudicial where two other instructions had been given on that subject. (Page 355.)

Appeal from Pope Circuit Court; *Hugh Basham*, Judge; affirmed.

*U. L. Meade*, for appellant.

1. The refusal of a continuance operated as a denial of justice. 21 Ark. 460; 10 *Id.* 528; 71 *Id.* 182; 85 *Id.* 334.

2. The judgment should be reversed for improper testimony, remarks and proceedings before the jury. 69 Ark. 648; 23 *Id.* 121.

3. The closing argument of the State's attorney was prejudicial and unfair. 75 Ark. 577; 77 *Id.* 19; 72 *Id.* 427; 95 *Id.* 233; 81 *Id.* 25; 77 *Id.* 238; 65 *Id.* 619; 74 *Id.* 298; 72 *Id.* 461; 63 *Id.* 174; 74 *Id.* 210.

4. There was error in the court's charge. 76 Ark. 226; 79 *Id.* 12; 76 *Id.* 599; Kirby's Dig., § 2387.

*Hal L. Norwood*, Attorney General, and *Wm. H. Rector*, Assistant, for appellee.

1. The continuance was properly refused. No abuse of discretion is shown. 26 Ark. 323; 54 *Id.* 243; 67 *Id.* 543; 70 *Id.* 521; 94 *Id.* 539.

2. The argument of counsel was not prejudicial. 76 Ark. 285; *Ib.* 403; 95 *Id.* 514; 94 *Id.* 548; 95 *Id.* 172; 71 *Id.* 62; 76 *Id.* 93; 96 *Id.* 177; 96 *Id.* 7.

3. There was no error in modifying the oral instruction.

KIRBY, J. The appellant was indicted for the crime of carnal abuse of one Ethel Luster, a female under the age of consent, convicted, and sentenced to two years' imprisonment in the penitentiary. He has appealed from the judgment, and contends, first, that the court erred in refusing to grant him a continuance because of the absence of certain witnesses.

It appears from the statement of the testimony of the witnesses, as set out in the motion, that the testimony of one was incompetent, as tending to contradict and impeach the prosecuting witness on a collateral matter, the testimony of another was cumulative, and of the third, relative to a certain letter alleged to have been received from the prosecuting witness, in which she stated that she had recently been married to one Herbert Thompson and expected shortly to have a baby, was material only to a limited extent, since the prose-

cuting witness admitted upon the stand having written such letter. As to this witness, such diligence was not shown in procuring her attendance as the law requires before a continuance is granted.

Motions for a continuance are addressed to the sound discretion of the trial court, and this court will not reverse its action thereon unless it is apparent that the trial court has abused such discretion. It must be an instance of an arbitrary and capricious exercise of power, operating to the denial of justice, to warrant a reversal for a denial of such motion, and no such abuse of discretion is shown here. *Miller* v. *State*, 94 Ark. 538, and cases cited; *Puckett* v. *State*, 70 Ark. 521; *Lane* v. *State*, 67 Ark. 290.

The testimony tends to show that the appellant had carnal knowledge of Ethel Luster, beginning along about the time she was fifteen years of age, and afterwards, and that a baby was born, of which she claimed he was the father, and which she named William Frederick Morris. The testimony was conflicting as to the date of her birth and her age at the time of the acts of sexual intercourse, some of it tending to show that she was over the age of consent at the time. There was also testimony tending to prove admissions by appellant of sexual intercourse with the prosecuting witness, one witness stating that in such conversation he said that he had had intercourse with her and would marry her, but didn't know whether the baby was his; that she was not the first girl he had gotten in that condition and would not be the last. There was some testimony also as to statements made by her that a man other than the defendant was the father of the child, which she denied. The defendant denied being the father of the child, or ever having had sexual intercourse with the prosecuting witness at all.

His guilt or innocence was a question for the jury to determine, and they have determined it against him upon testimony sufficient to sustain their verdict.

Appellant complains next of the action of the court in refusing to exclude from the jury a remark of counsel representing the State, which occurred as follows:

Upon re-direct examination of the prosecuting witness, after she had answered certain questions and stated the name

of the baby, defendant's attorney said: Will you bring the baby in?" and counsel for the State said: "Bring in Bill's baby." This remark was objected to and exceptions saved to the court's refusal to exclude it and reprimand the attorney. It is also contended that the court erred in refusing to exclude certain remarks of the prosecuting attorney made in the closing argument.

The prosecuting witness had the right to state the name of the baby, of which she was charging defendant was the father, and, upon his request that the baby be brought in, the remark of the State's counsel, "Bring in Bill's baby," was no more than a concurrence in the invitation of defendant's attorney to produce the baby to the jury at the time and acquiescence in her statement that it belonged to Bill. Such remark was unnecessary, as the court said, but it was not prejudicial under the circumstances.

Neither do we find that the court erred in refusing to exclude that part of the prosecuting attorney's closing argument excepted to. While it was a strong and direct arraignment of the defendant, and extremely personal, there was sufficient testimony in the record to warrant the making of it, so far as it could be regarded a relation of facts, and as to anything else, was apparently but the expression of the opinion of the prosecuting attorney upon the evidence in the case, which the jury so understood, and the making of the argument was not unwarranted, and the court committed no prejudicial error in refusing to exclude it from the jury. *Poe* v. *State,* 95 Ark. 172; *Culbreath* v. *State,* 96 Ark. 177; *Davis* v. *State,* 96 Ark. 7; *Blackshare* v. *State,* 94 Ark. 548; *Reese* v. *State,* 76 Ark. 39; *Carroll* v. *State,* 71 Ark. 403.

It is strongly insisted that the court erred in refusing to give, an instruction as requested and in striking out of same the words, "beyond a reasonable doubt" in parenthesis, and giving it as amended, as follows:

"Gentlemen of the jury, before you can find the defendant guilty you must find from the evidence (beyond a reasonable doubt) he had sexual intercourse with the prosecuting witness, Ethel Luster, and that at the time she was under sixteen years of age."

In instructions numbered 2 and 5, the jury were

told that the presumption of innocence was in the defendant's favor and followed him throughout the trial, or "until the evidence convinces you of his guilt beyond a reasonable doubt. If, upon a consideration of the whole testimony, you have such a doubt as to his guilt or innocence, you will acquit the defendant."

Number 5 defined reasonable doubt, and told the jury he was entitled to the benefit thereof. The instruction complained of as given was not in conflict with or contradictory of either of said instructions, contained no direction to find against the defendant, and, considered with the other instructions, was a correct statement of the law, and the jury must have understood from all the instructions that these facts were to be found by them beyond a reasonable doubt, otherwise, they should give the defendant the benefit of such doubt and acquit him.

Finding no prejudicial error in the record, the judgment is affirmed.