No. 20,694.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM TERRY, *Appellant*.

SYLLABUS BY THE COURT.

1. TRIAL—*Order of Proof—Immaterial When Not Prejudicial—Judicial Discretion.* Ordinarily proof that a crime has been committed should precede evidence tending to implicate the defendant, but the order of proof is a matter largely within the discretion of the court, and a departure from the usual order that does not operate prejudicially is no ground for a reversal.

2. RAPE—*Contradictory Evidence by State's Witnesses—State May Cross-examine or Contradict.* Where witnesses called to testify in behalf of a party give testimony contradictory of former testimony and inconsistent with previous statements, the party calling them may be permitted to cross-examine them and call their attention to their former evidence and statements, and may also offer testimony which contradicts and impeaches their present testimony.

3. SAME—*Sentence Properly Pronounced.* An entry of judgment that "the defendant . . . was . . . duly arraigned for sentence in open court, all the officers of the said court being present in person, and the court being fully advised in the premises passed sentence upon the said William Terry," stating the sentence imposed, does not warrant the inference that the court in rendering judgment omitted the statutory requirement to inform the defendant of the verdict returned by the jury, and to ask him whether he has any legal cause to show why judgment should not be pronounced against him.

4. RAPE—*Evidence Sustains Verdict.* The evidence examined and found to be sufficient to support the verdict.

Appeal from Sheridan district court; CHARLES W. SMITH, judge. Opinion filed October 7, 1916. Affirmed.

*Edwin Anderson*, of Council Grove, and *Frans E. Lindquist*, of Kansas City, Mo., for the appellant.

*S. M. Brewster*, attorney-general, and *John L. Hunt*, assistant attorney-general, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: William Terry was charged with and convicted of committing a rape upon Pearl Terry, his thirteen-year-old daughter. A motion for a new trial was overruled, and on the 14th day of October, 1914, the court sentenced the defend-

ant to the penitentiary. Upon this appeal the defendant complains that the court erred in the admission of testimony, in the instructions given to the jury, and in holding that the verdict was supported by the evidence.

It is first contended that there was error in receiving evidence of admissions made by the defendant before there was any testimony that an offense had been committed by any one. Ordinarily proof that a crime has been committed should precede evidence tending to implicate the defendant. It is a rule of convenience to aid in the search for truth, but is not an unbending one. The order of proof is a matter largely in the discretion of the court, and a departure from the rule which does not operate to the prejudice of the defendant is not ground for a reversal.

A complaint is made that the court permitted the prosecution to cross-examine and contradict witnesses called in behalf of the state. Pearl Terry, upon whom the offense was charged to have been committed, made the complaint which initiated the prosecution, and in the preliminary examination she testified that her father had had sexual intercourse with her a number of times. At the trial she was again called as a witness and stated that her father had not mistreated her. She did admit testifying previously to instances of criminal conduct but stated that the evidence then given was not true. Having testified in support of the charge at the preliminary examination, the state naturally called her as a witness at the trial, and, her testimony being directly contrary to that previously given, it was not improper to permit the state to call her attention to her former testimony and to induce her, if she would, to correct her present testimony. Under such circumstances it was competent for the state not only to cross-examine her as to the inconsistencies in her statements, but also to show by other witnesses that the facts were in accordance with her previous testimony, although it might incidentally discredit her present testimony. (*Johnson v. Leggett,* 28 Kan. 590; *The State v. Sorter,* 52 Kan. 531, 34 Pac. 1036; *The State v. Moon,* 71 Kan. 349, 80 Pac. 597; *The State v. Hamilton,* 74 Kan. 461, 87 Pac. 363; *Nuzum v. Springer,* 97 Kan. 744, 156 Pac. 704.) During her examination and when the inconsistencies in her testimony became apparent and she had stated that she had affirmed rather

than testified under oath, the court admonished her that she was under the same obligation to tell the truth as she would have been had an oath been administered to her and if she had testified falsely she was liable for perjury just the same as though testifying under oath. Complaint is made of this admonition. Under the circumstances it can not be regarded as error.

It is next charged that the court erred in permitting the county attorney to cross-examine Mrs. Terry, the wife of the defendant, who was called as a witness for the state. She, too, proved to be an adverse witness, and it was claimed that her testimony conflicted with former statements made by her to a number of people. A part of the inquiry took on the character of a cross-examination, but most of the questions were asked and answered without objection. One of them, to which an objection was made, was answered, but the answer was without materiality or prejudice.

Evidence which tended to impeach that given by Mrs. Terry and her daughter was received. As we have seen, they were hostile witnesses, as much so as if they had been called by the defendant, and the state was justified in offering testimony which tended to contradict and impeach them. Much of the testimony of which complaint is made was received without objection and error can not be predicated on its admission. Some evidence was received which was in the nature of hearsay and if an objection had been made to it upon that ground it should have been excluded, but such objections were not made except in a few instances and then only immaterial answers were given.

Error is assigned on the refusal of the court to give a number of instructions that were requested but the defendant does not undertake to support them in argument, and the instructions given appear to fully cover the subjects of those which were requested, and those given fairly state the law applicable to the case.

Some contention is made that the evidence does not sustain the conviction, the principal contention being that proof of penetration is wanting. Some proof was offered as to this element of the offense, and sufficient, we think, to warrant the finding of the jury that the offense had been committed.

The State v. Terry.

The final complaint is that judgment was not legally pronounced against the defendant in that he was not informed by the court of the verdict that had been returned against him and had not been asked whether he had legal cause to show why judgment should not be pronounced against him. His motions for a new trial and in arrest of judgment indicate that he had learned of the verdict and had attempted to show cause why he should not be adjudged guilty. The statute provides for the statement and inquiry so that the defendant may at the last moment state or show any cause he may have why judgment should not go against him. (Crim. Code, §§ 248, 249.) The record does not show the omission of any of the steps essential to the rendition of a valid judgment, and we can not assume from the mere silence of the record that the court acted erroneously in this respect. In the entry of judgment it is recited that "the defendant . . . was . . . duly arraigned for sentence in open court, all the officers of the said court being present in person, and the court being fully advised in the premises passed sentence upon the said William Terry," stating the sentence imposed. In the ordinary legal sense arraignment precedes a trial and is the calling of the defendant to the bar of the court to answer to the charge made against him. While the term is rarely used in speaking of the bringing of the defendant to the bar for judgment, it would appear when so used to imply that he was called before the court to answer what reasons he had why judgment should not be entered upon the verdict returned by the jury.

The judgment is affirmed.