BRICKEY *v.* STATE.

Opinion delivered May 23, 1921.

1. CONTINUANCE—ABSENCE OF WITNESS.—It was not error to refuse a continuance for the absence of a material witness where the motion for continuance was not verified by defendant or his attorney, nor where another witness testified, on defendant's behalf, to substantially the same facts set up in the motion.

2. CONTINUANCE—ABSENCE OF COUNSEL.—It is not an abuse of discretion to refuse a continuance on account of the absence of employed counsel, unless such counsel is absent by reason of sickness or some other unavoidable casualty; the absence of counsel by reason of his attendance upon another court in causes therein pending in which he is also employed as counsel not being an unavoidable casualty.

3. CRIMINAL LAW—TIME OF SENTENCE WAIVED.—Under Crawford & Moses' Digest, § 3229, providing that, "upon the verdict of conviction in cases of felony, the court shall not pronounce judgment until two days after the verdict is rendered unless the court is about to adjourn for the term, and then in not less than six hours after the verdict, except by the defendant's consent, *held* that a judgment pronounced twenty-four hours after verdict in a felony case will not be reversed as being prematurely rendered

where it does not appear when the court adjourned, and where defendant was given an opportunity to object to the pronouncement of the sentence and did not do so.

Appeal from Van Buren Circuit Court; *J. M. Shinn,* Judge; affirmed.

*J. Allen Eades,* for appellant.

It was error in overruling the motion for continuance. It stated good grounds for continuance. A material witness duly summoned was sick and unable to get to court. Act 52, Acts 1905, p. 143; 50 Ark. 161; 10 *Id.* 528; 21 *Id.* 560; 89 *Id.* 130; 64 S. W. 412. Absence of defendant's counsel without fault was good ground for continuance. 26 S. W. 60; 21 Ark. 460. The court abused its discretion in refusing a continuance.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. There was no error in refusing the continuance on the grounds stated therein. It does not state the materiality of the testimony of the absent witnesses or what they would testify to if present. C. & M. Digest, § 1270; 187 S. W. 308; 2 Ark. 33; 101 *Id.* 513. The testimony of the absent witness was *cumulative* merely. 215 S. W. 1. No abuse of discretion by the court was shown. 103 Ark. 352; 138 *Id.* 500. Due diligence was not shown. 90 Ark. 1.

2. The verdict is supported by the law and the evidence.

WOOD, J.   On the 9th of March, 1921, the same being an adjourned day of the regular February term of the Van Buren Circuit Court, the appellant was convicted of the crime of selling intoxicating liquors, and by judgment of the court sentenced to imprisonment in the State penitentiary for one year. From that judgment he prosecutes this appeal.

1. Appellant urges as a ground for reversal of the judgment that the court erred in overruling his motion for a continuance. He assigns two reasons why the

court erred. First, because of the absence of H. G. Wolverton, a material witness, who was summoned before the court convened, and who was sick and unable to attend. The motion for continuance was in due form, but was not verified either by the appellant or his attorney for him, and, furthermore, another witness testified on behalf of appellant to substantially the same facts set up in the motion tending to impeach the testimony of the State's witness. The court did not abuse its discretion under these circumstances in overruling the motion. Sections 1270 and 3130 of Crawford & Moses' Digest. *Morris v. State,* 103 Ark. 352; *James v. State,* 125 Ark. 269; *Burris v. Wise & Hind,* 2 Ark. 33, 40; *State Life Ins. Co. v. Ford,* 101 Ark. 513.

2. The appellant set up that the cause should be continued on account of the absence of J. A. Eades, who was unable to attend court because the adjourned term was at a day when the circuit court was in regular session at Morrilton, requiring the attorney's presence at the latter court. The affidavit of Eades in support of this ground of the motion shows that he had been employed by the appellant to defend him, and his fee had been paid; that he appeared in attendance at the regular term of the Van Buren Circuit Court, but that court was adjourned until the 7th of March on account of the absence of the regular judge; that he could not appear at the adjourned day because on that day the regular term of the circuit court was in session at Morrilton, and he could not be present at both courts and was compelled, on account of his business in the latter court and the duty he owed his clients there, to attend that court. Of these facts he duly notified the presiding judge of the latter court and also the prosecuting attorney, and requested a continuance of the cause to the regular fall term of the Van Buren Circuit Court. The regularly employed attorney being absent, the court appointed Garner Fraser, an attorney in attendance at the adjourned term of the Van Buren Circuit Court, to repre-

sent the appellant, who prepared and filed his motion for continuance, and conducted his defense.

The court did not err in refusing appellant's motion to continue because of the absence of employed counsel. The right to be heard by counsel, guaranteed to persons accused of crime by the Bill of Rights, article 2, section 10, Constitution of 1874, was not denied the appellant in this case. On the contrary, when his regularly employed counsel did not appear, the court appointed counsel to represent him. Counsel who are employed to represent clients having cases pending in courts must so arrange their business as to be able to appear to represent their clients when those cases are called for trial. The business of the courts can not be controlled, interrupted, or made to conform to the business interests of attorneys. The fact that an attorney may have cases for clients pending in different courts whose terms convene at the same time, and which condition may render it impossible for the attorney to be in attendance at one of the courts, is no imperative reason for the continuance of the causes in which he is employed in the court which he does not attend. These are matters addressed to the sound discretion of the presiding judge of the court, who must conduct the public business entrusted to him in a manner most conducive to the interests of the public whom he serves. It is never an abuse of discretion for the court to refuse to grant a continuance in a cause on account of the absence of employed counsel, unless such counsel is absent by reason of sickness or some other unavoidable casualty. The absence of an attorney from a court where causes are pending in which he is employed as counsel because of causes pending in other courts in which he is also employed as counsel is not an unavoidable casualty.

3. The appellant contends that the court erred in sentencing the appellant on the day after the verdict of guilty was returned against him. The appellant relies upon section 3229 of Crawford & Moses' Digest, which

provides in part as follows: "Upon the verdict of con-viction in cases of felony, the court shall not pronounce judgment until two days after the verdict is rendered unless the court is about to adjourn for the term, and then in not less than six hours after the verdict, except by the defendant's consent." The record shows that the jury returned a verdict on the 9th of March, and the record entry of March 10 is as follows: "The defendant was this day brought into open court and, being informed of the nature of the indictment, plea and verdict, was asked if he had any legal cause to show why sentence should not be pronounced against him, and, none being shown, it is adjudged, etc." The record does not show when the Van Buren Circuit Court adjourned. In the absence of any showing to the contrary, it will be presumed that the sentence was pronounced according to law. Moreover, the appellant did not make any objection at the time to the pronouncement of the sentence, and he was given an opportunity to do so. He therefore must be held to have waived the time specified in the statute.

We find no errors in the record, and the judgment is therefore affirmed.