MORRISON *v.* STATE.

Opinion delivered June 4, 1923.

1. CRIMINAL LAW—NECESSITY OF OBJECTION AND EXCEPTION.— Though sentence was pronounced in a felony case on the day after the verdict was rendered, in violation of Crawford & Moses' Dig., § 3229, defendant cannot complain on appeal where no objection was made nor exception saved in the trial court.

2. INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—In a prosecution for selling intoxicating liquor, evidence *held* to sustain a finding of guilt.

3. INTOXICATING LIQUORS—SALE—INSTRUCTIONS.—In a prosecution for selling intoxicating liquor, an instruction relating to and defining one acting merely as agent for the purchaser and one relating to one acting as agent for a vendor of liquor, *held* not to be conflicting.

Appeal from Lincoln Circuit Court; *T. G. Parham,* Judge; affirmed.

*Johnson & Smith,* for appellant.

The court erred in pronouncing judgment against appellant without his consent sooner than the law permits it to be done. Sec. 3229, C. & M. Digest. Instructions numbered 3 and 4 are in direct conflict. Evidence at best only shows appellant purchased the whiskey for and did not sell it to the others. Secs. 61-63-4, C. & M. Digest; 70 Ark. 14.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

No objection was made or exceptions saved to the pronouncement of the judgment, so the action of the trial court cannot be reversed. 1 Ark. 349; 26 Ark. 616; 123 Ark. 548. Instructions 3 and 4 are not in conflict, and no error in giving them.

HUMPHREYS, J. Appellee was indicted, tried, and convicted in the Lincoln Circuit Court for the crime of selling liquor in said county, and as punishment therefor sentenced to serve one year in the State Penitentiary. From the judgment an appeal has been duly prosecuted to this court.

Appellant was convicted on February 15, 1923, and the court pronounced judgment against him on the following day. Appellant contends that this action on the part of the trial court constituted reversible error. It is provided by § 3229 of Crawford & Moses' Digest that judgment shall not be pronounced in felony cases until two days after the rendition of the verdict, unless the court is about to adjourn, and then in not less than six hours after the verdict, except by the consent of the defendant. No objection was made or exception saved by appellant to the pronouncement of the judgment, so, under a well-established rule of practice in this State, the action of the trial court cannot be reviewed. *Patton* v. *Cobb,* 26 Ark. 616; *Ward* v. *Fort Smith Light & Traction Co.,* 123 Ark. 548.

Appellant's next insistence for reversal is that while the evidence showed appellant procured or pur-

chased whiskey for Fred Morrison and others, it was insufficient to show that he sold it to them. It is true appellant testified that he was not interested in the sale of the liquor, and that he purchased it as a matter of accommodation for Fred Morrison and several boys with him. On cross-examination appellant was unable to give the name of the negro from whom he purchased the liquor or to describe the manner in which he was dressed. The testimony on the part of the State was to the effect that Fred Morrison, in company with three friends, went to Palmyra in a buggy for the purpose of buying a gallon of whiskey. When they arrived in Palmyra, Fred Morrison asked appellant if he knew where they could buy some whiskey. Appellant told him he had none himself, but he thought he could get some from a negro that night, at $12.50 or $13 a gallon; that, after supper, Fred Morrison gave appellant the necessary amount of money, and the two got in the buggy and went out in the country about a mile and a half, turned to the left, and stopped; that appellant got out of the buggy and went away alone, stating he was going to meet the negro and get the whiskey; that he was gone five or ten minutes, and came back with a gallon of moonshine whiskey which he delivered to Fred; that they returned to town, where Fred joined his companions and went home. The time and manner of getting the whiskey, taken in connection with the inability of appellant to give the name of the negro or to tell how he was dressed, warranted an inference that the negro was a myth, and that appellant was interested in the liquor. The testimony was sufficient to support a verdict and judgment for selling liquor.

Appellant's last insistence for reversal is that instructions Nos. 3 and 4, given by the court, were conflicting and misleading. The instructions are as follows:

"3. If the defendant, at the request of the witness, Fred Morrison, and solely as the agent of the said Fred Morrison, and without having any interest in the sale of

the liquor other than to procure the whiskey for the said Fred Morrison and the other witnesses who testified for the State, went to the party from whom the whiskey was purchased and, with the money furnished him by the said Morrison, and without making any profit or having any pecuniary interest or other interest in the sale, purchased whiskey which he carried to Morrison, as a matter solely to accommodate Morrison and the other State's witnesses, and not for the purpose of procuring a purchaser for the whiskey, or to assist in any way in making the sale, then you should acquit the defendant.''

''4. If you believe from the evidence in this case beyond a reasonable doubt that the defendant either sold or was interested in the sale of intoxicating liquors, as charged in the indictment, you should convict the defendant. And if you find from the evidence in this case beyond a reasonable doubt that the defendant did not sell the whiskey himself, but that he acted as the intermediary between the buyer and seller, and in that way aided and abetted and assisted the seller in making the sale, then he is guilty just the same as if he had sold the whiskey himself, although you may further find that he received no pecuniary benefit from the sale.''

We cannot agree with learned counsel that the instructions are in conflict with each other. Instruction No. 3 relates to and defines one acting merely as an agent for a purchaser of liquor, while instruction No. 4 relates to one acting as an agent for a vendor of liquors. One being the converse of the other, there is no conflict between them.

The judgment is affirmed.