Morrow *v.* Lindsey.

Opinion delivered June 9, 1924.

1. Judgment—discretion as to setting aside default.—It was not an abuse of discretion to refuse to set aside a default judgment where defendant and his attorney understood that the case would be passed until latter's return from the Legislature, but neither plaintiff nor the court agreed to such postponement.

2. Continuance—absence of counsel.—Mere absence of counsel from court on account of other business engagement will not work a continuance of a pending cause nor entitle the defaulting party to set the judgment aside.

Appeal from Conway Circuit Court; *John T. Bullock,* Judge; affirmed.

*J. Allen Eades,* for appellant.

Under the circumstances of this case, it was an abuse of discretion to refuse the relief prayed for. 126 Ark. 25; C. & M. Dig. § 6290, 7th subdiv.

*Gordon & Combs,* for appellee.

The mere failure of an attorney to appear and make defense for his client is not sufficient ground to set aside a judgment. 148 Ark. 598.

Humphreys, J. Appellee brought suit to the March term, 1923, of the circuit court of Conway County against appellant for $529.26, the value of 19,642 square yards of rock alleged to have been sold off appellee's land by appellant to Road Improvement District No. 4 of Conway County. Appellant failed to appear in response to the summons, and judgment was rendered against him in favor of appellee for said sum. After the rendition of the judgment, and before court adjourned, appellant filed an original and an amended motion to set the judgment aside and for a new trial of the cause, upon the ground that appellant and his attorney, J. Allen Eades, who was a member of the Legislature, understood that the case would not be taken up until after the adjournment of that body. A meritorious defense to the cause of action was set up in the motion. Affidavits were filed in support thereof, and, after a hearing, the court overruled the motion, over the objection and exception of appellant.

An appeal has been duly prosecuted to this court to test the correctness of the ruling of the trial court in refusing to set the judgment aside and to grant appellant a new trial. The only plausible argument made by appellant, in his brief for a reversal of the judgment refusing to set aside the original judgment and grant him a new trial, is that the court promised his attorney not to take up any of the cases until the Legislature, upon which he was in attendance as a member, adjourned. There is no foundation, however, in the record upon which to base the argument. The original and amended motions to set the judgment aside and grant a new trial do not allege that the court promised Mr. Eades to continue the cases in which he was interested until after the adjournment of the Legislature. The affidavits filed in support thereof do not contain a statement to that effect. The extent of the allegation and proof is that appellant and his attorney understood that this and other cases in which Mr. Eades was interested would be passed until the adjournment of the Legislature. The allegation and proof fail to show that appellee consented or the court agreed to a postponement of this case during Mr. Eades' attendance on the Legislature. The mere absence of employed counsel from court on account of other business engagements is not such an unavoidable casualty as will necessarily work a continuance of a cause pending in said court, or which will entitle the defaulting party to a new trial thereof. These are matters which appeal to the discretion of the court. *Brickey* v. *State,* 148 Ark. 595. It cannot be said that the trial court abused its discretion in the instant case in refusing to set the judgment aside and grant a new trial, for it was not alleged and shown that any arrangement had been made with appellee or the court for a continuance of the cause.

No error appearing, the judgment is affirmed.