THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RAYMOND J. CRISPELL, Defendant.

County Court, Ulster County, July 11, 1945.

*Chris J. Flanagan* and *Raymond J. Crispell,* in person, for defendant.

*N. LeVan Haver, District Attorney* (*Vincent G. Connelly* of counsel), for plaintiff.

CASHIN, J.  This is a motion to set aside a sentence of this court heretofore imposed on June 25, 1941.  The moving papers are in longhand and were drafted by the defendant himself.  The petition reads that on the 25th day of June, 1941, defendant was duly convicted and that, upon the filing of an information showing him to be a fourth offender, he was sentenced and committed to State prison for a minimum term of not less than fifteen years and a maximum not greater than his natural life.

The attack upon the judgment of conviction of June 25, 1941, is based on the claim that as to two of the crimes mentioned in the information showing the defendant to be a fourth offender, he was not represented by counsel and was not advised of his rights to have counsel.

The defendant alleges that on the 7th day of May, 1928, he was arraigned on an indictment charging him with grand larceny in the first degree; that on June 4, 1928, he pleaded guilty to that crime and was committed to Clinton Prison at Dannemora, New York, for a period of two years and six months; that he was not represented by counsel at that time nor was he advised of his right to have counsel. He further alleges that on March 4, 1935, he was arraigned on an indictment charging grand larceny in the second degree and that on that date he pleaded guilty and was sentenced to Clinton Prison for five years, and he claims that on that occasion he was not represented by counsel or advised of his right to counsel. Both of these convictions were in the County of Ulster, the one of 1928 being in the County Court and the one of 1935 being in the Supreme Court. It is the contention of the defendant that, because he was not advised of his right to counsel and was not represented by counsel, both of these convictions were illegal and void and could not be made the basis of an information charging the defendant with being a fourth offender.

This court has jurisdiction to hear this motion. (See *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25; *Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131, 136.)

The District Attorney's office of this county, in opposition to this motion, introduced in evidence the following:

Indictment No. 1556, County of Ulster Supreme Court, *People* v. *Jesse Crispell,* which bears the following notation: " Filed 5–24–28, arraigned 5–24–28, counsel for defendant ————————, plead not guilty, former plea withdrawn, plead guilty. Sentence Clinton State Prison, 2 years 6 months, June 12, 1928."

The Ulster County Clerk's minutes, May 24, 1928, Present, Hon. GEORGE A. SMITH, Justice, *People* v. *Jesse Crispell* (Indictment No. 1556). " Indicted for grand larceny first degree. Defendant arraigned — plead not guilty."

Ulster County Clerk's minutes, June 12, 1928, County Court, County of Ulster, Present, Hon. JOSEPH M. FOWLER, County Judge, *People* v. *Jesse Crispell* (Indictment No. 1556). " Indicted for grand larceny first degree. Former plea of not guilty withdrawn. Plead guilty. Sworn statement taken. Court sentenced defendant to Clinton State Prison for term of two years, six months."

Indictment No. 2192, County of Ulster Supreme Court, *People* v. *Jesse Crispell,* grand larceny in second degree, which bears the following notation: " Filed March 21, 1935, arraigned March 21, 1935, counsel for defendant ——————, plead guilty, sentenced March 28, 1935 Clinton State Prison, Dannemora, New York, five years, PIERCE H. RUSSELL, Judge."

Ulster County Clerk's minutes, *People of the State of New York* v. *Jesse Crispell.* " Defendant arraigned under Indictment 2192 charged with first count, grand larceny second degree, second count, grand larceny second degree. Defendant entered plea of guilty. Statement taken. All questions answered. Sentence and judgment of court that defendant be confined at hard labor at Clinton Prison, at Dannemora, N. Y., for term of five years."

In addition, Vincent G. Connelly, Assistant District Attorney, filed an affidavit which recites that he has examined the records of the Ulster County Clerk's Office and that no colloquy between the court and the defendant appears in the records; that the records merely contain the statement of the defendant and the fact that he plead guilty; that it is impossible to ascertain from the records whether or not on the occasions in question the defendant was advised of his right to counsel. The affidavit further states that the stenographer of the County Court does not have his notebooks containing the actual conversation and record of what transpired on those occasions and that the notebooks have been destroyed.

In short, the only affirmative statement that the defendant was not advised of his rights is the statement of the defendant himself. There can be no question but that the defendant, on his convictions in 1928 and in 1935, was entitled to be advised of his right to counsel. (N. Y. Const., art. I, § 6; Code Crim. Pro. § 8, subd. 2; §§ 188, 308; U. S. Const., 14th Amendt., § 1. See, also, *Johnson* v. *Zerbst,* 304 U. S. 458; *People ex rel. Moore* v. *Hunt,* 258 App. Div. 24.) However, when such judgment is attacked, it carries with it a presumption of regularity and will not be set aside unless it can be clearly shown that the defendant did not competently and intelligently waive his constitutional right to assistance of counsel. (*Johnson* v. *Zerbst,* *supra.*)

Under the circumstances here, where the defendant is not attacking his present conviction but rather, seeks to attack collaterally two prior convictions, it is conceded that the defendant pleaded guilty on those two prior convictions, was duly sentenced by a court having jurisdiction of those crimes, that no appeal was ever taken from those convictions and that he

was sentenced and served such sentences pursuant to said judgments of conviction. Under such circumstances, he has the burden of establishing by a " preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel ". (*Johnson* v. *Zerbst, supra,* p. 469.)

In view of the lateness of time in which this question is raised during which records have legally been destroyed and considering the ordinary frailties of memory, I cannot take the bare statement of the defendant that he was not advised of his right to counsel at the times of his arraignments in 1928 and 1935. In the absence of satisfactory proof of the noncompliance with the constitutional requirement, the presumption of regularity prevails. (See *People ex rel. Kruger* v. *Hunt,* 257 App. Div. 917; *People ex rel. Asaro* v. *Morhous,* 268 App. Div. 1016, and cases there cited.)

Accordingly, the motion of the defendant is denied. Submit order.