NORRELL v. COULTER.

4-9347                                      239 S. W. 2d 280

Opinion delivered May 7, 1951.
Rehearing denied June 4, 1951.

*Wilson, Kimpel & Nobles* and *Paul Roberts,* for appellant.

*Thomas Compere* and *DuVal L. Purkins,* for appellee.

GRIFFIN SMITH, Chief Justice. Jurisdiction was conferred when appellants filed their certified copy of the decree. Writs of *certiorari* failed to bring up the bill of exceptions in a timely manner, but on February 19th the appellants, including Oscar Norrell as intervener, were given fifteen days to abstract and brief any errors that might appear on the face of the record.

The decree contains a factual summary under nine topical divisions, preceded by a reference to oral testimony heard in open court. The witnesses were named.

The first finding established what the court said were correct descriptions of the lands in controversy, including "Frl. SW ¼ of NW ¼ . . . containing two acres, more or less, [giving section, township, and range]."

It is contended that this description is void, and in the main this is the error claimed to be revealed by the record, although other rights are alleged to have been invaded.

Appellants are incorrect regarding the description. *Part* of fractional is meaningless, but "fractional" may or may not be sufficient. Standing alone it is not void. *State* v. *Guthrie,* 203 Ark. 60, 156 S. W. 2d 210.

There are other reasons for affirming the decree.

Pleadings may be treated as having been amended to conform to the proof—a trial procedure involving court discretion. If a judgment or decree shows that the cause was heard on pleadings mentioned, and on such pleadings alone, (repelling any theory under which the result could have been reached through testimony having the effect of amending the written declarations or admissions) then the record would be conclusive, and the issue would rest upon disclosed pleadings and the court's findings. Inferences deducible from a judgment or decree do not depend upon express words. *Warden* v. *Middleton,* 110 Ark. 215, 161 S. W. 151. The converse of what Judge HART said in the Middleton case would be that decretal findings—though not responsive to the pleadings—will, in the absence of a bill of exceptions—be

sustained if the vice complained of could have been cured by matters treated as amendatory.

The presumption of verity inherent in judgments and decrees is not to be impaired if by fair construction the trial court could have had before it evidence sufficient to sustain what was done.

Affirmed.