JOHNSON *v.* SPENCER, *et al.*

5-212                                                    262 S. W. 2d 290

Opinion delivered November 30, 1953.

*C. M. Martin* and *E. B. Kimpel, Jr.,* for appellant.

*Spencer & Spencer,* for appellee.

Ed. F. McFaddin, Justice. This suit—for the balance due attorneys—is an aftermath of the cases of *Daniels v. Johnson,* 216 Ark. 374, 226 S. W. 2d 571, 15 A. L. R. 2d 1401, and *Johnson v. Daniels,* 221 Ark. 276, 254 S. W. 2d 946. These two cases involved, *inter alia,* the heirship of Jim Edwards; and Mary Johnson was held entitled to a portion of the estate. We are here concerned with the claim of her former attorneys.

J. V. Spencer and J. V. Spencer, Jr., are, and have been for many years, attorneys in El Dorado, practicing under the firm name of Spencer & Spencer, and hereinafter called "the Spencers." In July, 1948, Mary Johnson made a contract with the Spencers to represent her in the Jim Edwards litigation, and agreed that said attorneys should have one-half of all recovery. This employment was evidenced by a contract and recorded deed of July 17, 1948. Mary Johnson also contracted with attorney C. M. Martin to represent her; and Martin, for Mary Johnson, brought suit against the Spencers on December 10, 1948, in the Union Chancery Court, to cancel the contract and deed held by the Spencers. On November 22, 1949, a consent decree was entered by the Court in that cause (No. 10456), in which the Mary Johnson contract and deed to the Spencers were both cancelled, and, in lieu thereof, a money judgment was rendered against Mary Johnson in favor of the Spencers. This decree provided in part:

"IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED, ADJUDGED, AND DECREED, That the defendants J. V. Spencer and J. V. Spencer, Jr., be and they are hereby awarded judgment

against Mary Johnson, the plaintiff herein, in the sum of Five Hundred Dollars ($500.00).

"It is the further order of this Court, that J. V. Spencer and J. V. Spencer, Jr., be awarded judgment against the plaintiff in the sum of Twelve Hundred and Fifty Dollars ($1,250.00) in addition to the Five Hundred Dollars, previously ordered. This amount, however, to be paid by the said Mary Johnson when title to her interest to the property involved in this lawsuit is finally quieted and confirmed in her, and this amount shall constitute a lien on her interest in said property, and if said amount be not paid within thirty days (30) after her title to her interest is finally quieted in her, then the property to be sold to satisfy this judgment."

The $500.00, mentioned in the consent judgment, was paid, and the present litigation involves the balance of $1,250.00. In the case of *Johnson* v. *Daniels,* 216 Ark. 374, 226 S. W. 2d 571, 15 A. L. R. 2d 1401, this Court determined the interest of Mary Johnson in the Estate of Jim Edwards; and a decree was entered in the Union Chancery Court on November 8, 1951, in keeping with our opinion. Thus the interest of Mary Johnson was quieted and confirmed; and after waiting more than thirty days for the $1,250.00 to be paid, the Spencers,[1] on December 18, 1951, filed further proceedings in the case of Mary Johnson v. Spencer,[2] seeking the payment of the balance of $1,250.00 awarded in the consent judgment heretofore copied.

C. M. Martin, *et al.,* as the other attorneys for Mary Johnson, resisted the Spencers' efforts to collect the $1,250.00. The basis of the resistance were: (1) that when the consent judgment was entered in favor of the Spencers, on November 22, 1949, the Union Chancery

---

[1] The Spencers were joined by Clark, their assignee, who is also a party appellee here.

[2] The Spencers and their assignee also filed intervention in the case of *Johnson* v. *Daniels,* No. 10462, in the Union Chancery Court, seeking the same relief as in the case of *Johnson* v. *Spencer,* since both cases involved the interest of Mary Johnson. Oil was produced from the lands, and impounded royalties are also involved.

Court had decreed that Mary Johnson's interest in the Jim Edwards property was a 1/22nd interest; (2) that later the Supreme Court of Arkansas—by including the "Patsy line"[3]—reduced Mary Johnson's share to a smaller interest; (3) that the balance of $1,250.00 due the Spencers should be likewise reduced in the same proportion, as such was in the contemplation of the parties when the consent decree was entered; and (4) that C. M. Martin, *et al.*, have a deed to one-half of Mary Johnson's interest, and the Spencer lien cannot extend to more than one-half of the interest remaining in Mary Johnson after the Martin deed is recognized.

The Chancery Court heard the evidence on the issues joined, and decreed that the Spencers were entitled to recover the $1,250.00 against the interest of Mary Johnson. From that decree comes this appeal.

I. *The Consent Judgment.* Mary Johnson and Martin, *et al.*, as her attorneys, agreed to a consent judgment, which was entered on November 22, 1949, and which definitely stated that $500.00 would be paid that day and $1,250.00 would later be paid to the Spencers, "when title to her interest to the property involved in this lawsuit is finally quieted and confirmed in her." That consent judgment had reference to whatever interest Mary Johnson had in the property. The language is definite and unambiguous. Appellants claim that they should be allowed to prove their conversations with the Spencers before the entry of the consent judgment, in order to clarify the claimed ambiguity relating to "her interest"; and on this matter of clarifying an ambiguity, appellants cite many cases from this and other States, and also general texts. Among others, appellants cite *Webb* v. *Herpin*, 217 Ark. 826, 233 S. W. 2d 385; *Norrell* v. *Coulter*, 218 Ark. 870, 239 S. W. 2d 280; *Renaldo* v. *Board* (Cal.), 12 Pac. 2d 32; *Toms* v. *Holmes* (Ky.), 171 S. W. 2d 245. Also statement from text being 49 C. J. S. 862, 869 and 870; and 50 C. J. S. 162.

[3] See the opinions of this Court heretofore cited for a full discussion of the "Patsy line."

But there is no ambiguity in the consent judgment here involved, so the antecedent conversations are immaterial, and the appellants' cases are not controlling. The chancellor, in deciding the case, aptly said of the consent judgment:

"It's a consent judgment for that full amount. It sets forth clearly that it's to be a lien on her interest in the property in controversy. There can't be any other construction of it. The decree, on its face, still shows that it would become a lien when her interest was quieted and confirmed. That is what it means on its face. Now, just the fact that she thought she was going to get more than she got in the final windup wouldn't authorize the Court to change, just by oral testimony, the decree, on what the parties would testify that they understood they were settling on . . . ."

II. *Martin's Claim to Superiority.* Martin claimed that his deed to one-half of the Mary Johnson interest was superior to the Spencers' lien for $1,250.00. This issue was raised by the pleadings and evidence and must be decided; and we hold that Martin's claim to superiority is without merit. He went into the Chancery Court in the case of *Mary Johnson* v. *Spencer,* and agreed to the consent judgment of November 22, 1949, which provided that the Spencers would have a lien for $1,250.00 "on her interest in said property". Martin did not have a deed of record at that time: his deed was not recorded until 1951. As an active attorney, he allowed a consent judgment to be entered which subjected the entire interest of Mary Johnson to the lien of the Spencer judgment. Where one stands by and fails to assert a claim, he later cannot be heard to assert it against the interest of those who relied on his silence.

In *Trapnall* v. *Burton,* 24 Ark. 371 (an opinion by Albert Pike), there is this language:

"If a person who has the claim to, or is the owner of property real or personal, stands by and permits it to be sold, without giving notice of or asserting his right, he is

estopped from setting up his claim or title, against the purchaser. *Shall* v. *Biscoe,* 18 Ark. 142; *Corbett* v. *Norcross,* 35 N. H. 99; *Storrs* v. *Barker,* 6 J. C. R. 344."

To the same effect see *Keylon* v. *Arnold,* 213 Ark. 130, 209 S. W. 2d 459; *Collum* v. *Hervey,* 176 Ark. 714, 3 S. W. 2d 993; *Hill* v. *Village,* 215 Ark. 1, 219 S. W. 2d 635; and *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579.

We therefore affirm the judgment against the entire interest of Mary Johnson.