THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN SHEEHAN, Appellant.

First Department, June 11, 1957.

*Charles Schinitsky* for appellant.

*H. Richard Uviller* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The defendant herein appeals from an order denying his application for a resentence predicated on the claimed failure of the clerk of the court to comply with the provisions of section 480 of the Code of Criminal Procedure. The order is not appealable and the appeal is dismissed. (*People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Sidoti,* 1 A D 2d 232; *People* v. *Dietz,* 268 App. Div. 761, affd. 294 N. Y. 739.)

On the record before us the defendant is not entitled to the relief requested and we would so rule, were we required to decide this appeal on the merits. However, because there is involved a long prison sentence, and there has been confusion as to the applicable principles, we extend our comments for the information of all those interested even though we may not make a definitive determination.

The application for resentence was made in 1956, more than 26 years after the defendant was sentenced to a term in State prison, following his plea of guilty to the crime of robbery, second degree, while armed with a pistol to cover four indictments, charging robbery, first degree, and associated crimes.

The basis for the application for resentence is the defendant's statement that he was not asked, prior to the imposition of sentence, whether he had any legal cause to show why judgment should not be pronounced against him. The burden of establishing that there was no compliance with this requirement of the Code of Criminal Procedure is upon the defendant. In support of the defendant's motion, there is his statement that the question was not asked and the absence in the sentencing minutes of any affirmative statement that the question was asked. Against this the minutes reveal that the defendant's attorney was the first to speak and made a fervent plea in behalf of the defendant, so much so that it resulted in a colloquy with the sentencing Judge that consumed about three pages of the printed record. While the minutes may not show that the question was asked, the omission is not conclusive that it was not asked. However, this is not the exclusive source of information. There are entries in the clerk's minute book which indicate that the traditional question was asked of the defendant and of his codefendants. When there is placed in the scales the presumption of regularity that attaches to the judgment of conviction—which cannot be lightly disregarded after the pass-

ing of so long a period of time—it cannot be said that the defendant established by clear and convincing proof that the court, at the time of sentence, failed to perform its duty and did not comply with the provisions of section 480 of the Code of Criminal Procedure.

The appeal should be dismissed.

RABIN, J. P., VALENTE, McNALLY and BERGAN, JJ., concur.

Appeal unanimously dismissed.