Dossie COX v. STATE of Arkansas

5294                                         418 S. W. 2d 799

Opinion delivered September 25, 1967

---

*Otis Turner,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. In 1948 the appellant was convicted of murder and sentenced to life imprisonment. He was still confined to the penitentiary when he filed the present petition under Criminal Procedure Rule No. 1, asserting that his constitutional rights were violated at the original trial. The trial court, after affording the petitioner the hearing contemplated by Rule 1, made the required written findings of fact and conclusions of law. The court dismissed the petition, holding that there was no showing that Cox's constitutional rights had been infringed. At Cox's request this appeal was taken.

We affirm the judgment, finding the appeal to be wholly without merit. At the original trial Cox was represented by competent counsel employed by his family. The jury found him to be guilty. At the Rule 1 hearing Cox made no complaint about his original trial and had no competent new evidence to offer. He admitted that "The only thing I can say is that I didn't do it." He conceded that he had a chance to make that denial before the jury in 1948. Two other witnesses testified. Cox's sister stated that Cox's daughter or stepdaughter, who was two years old in 1948, had said that Cox's wife later admitted that she was the guilty person. Needless to say, such hearsay evidence is not admissible. Cox's niece testified that if a certain witness living in Indiana were produced he would testify that he was with Cox when the crime was supposedly committed. Even so, the matter of Cox's asserted alibi was an issue of fact that was or could have been raised at the trial in 1948. Rule 1 is not intended to provide the petitioner with a new trial

simply because a jury found him to be guilty, on conflicting testimony.

Affirmed.

BROWN, J., disqualified.