ALAN D. JOHNSON *v.* STATE OF ARKANSAS

5766                                           484 S.W. 2d 92

Opinion delivered September 4, 1972

*Kenneth M. Parsley,* for appellant.

*Ray Thornton,* Atty. Gen., by: *J. N. Tolley,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. This is a case arising under the provisions of Criminal Procedure Rule 1. Alan D. Johnson was convicted in July, 1969, of the crime of robbery and his punishment fixed at fifteen years confinement in the Arkansas Department of Correction, the judgment of the trial court being affirmed by this court. See *Johnson and Loyd* v. *State,* 247 Ark. 1086, 449 S.W. 2d

954. In June 1971, appellant was granted permission by this court to file his petition for post-conviction relief in the Pope County Circuit Court, and on August 24, a hearing was held by that court at which time the petition was denied. From the order denying relief, appellant brings this appeal. It is asserted that Johnson's rights were violated and that he was deprived of the effective benefit of counsel, though counsel was appointed; and further, it is asserted that petitioner was denied a fair trial by reason of pre-trial publicity, and appearing before the jury in handcuffs.

Point one is based upon the fact that the attorney who represented Johnson on trial was not appointed until three days before the trial, and Johnson was not returned to Pope County from the Department of Correction, where he was being held, until the day before the trial. This same point was fully discussed by this court on the original appeal, and, for the reasons therein set out, held to be without merit.

Point two is "double-barreled". It is argued that pre-trial publicity prevented appellant from receiving a fair and impartial trial, and several copies of newspaper stories (exhibits B, C, D and E) are included in the record; however, Exhibit C was published after the trial; the other exhibits were stories which appeared before the conviction. Exhibit B is mainly a factual account of the robbery, the arrest of appellant and a woman who accompanied him, and a description of the robbers by persons who observed them; there is nothing in the story pinpointing the guilt of appellant; in fact, the account recites that a plea of innocence had been entered to the charges, and there was no mention of any admissions of guilt made by appellant. Exhibits D and E are identically the same, and only describe the teller's feelings at the time the robbery occurred. The story only refers to the robbers as "a man and a woman". Certainly, there was nothing in this printed report so highly prejudicial as to deprive Johnson of a fair trial.

Finally, it is contended that the appearance of the prisoner in the courtroom in handcuffs deprived him of

a fair trial. This point, like the one just discussed, was not asserted on the original appeal, and in fact, the record of the original trial does not even show that Johnson appeared in the courtroom wearing handcuffs, let alone any objection being made. The only evidence of this occurrence is the testimony of Johnson at the Rule 1 hearing in which he testified that he was handcuffed to his alleged accomplice[1] at the time he entered the courtroom; that he remained handcuffed to this alleged accomplice during the empaneling of the jury, and that after the jury had been selected, the handcuffs were removed. This same contention was made in the case of *Rayburn* v. *State*, 200 Ark. 914, 141 S.W. 2d 532, and this court said:

> "Another assignment of error is that appellant was brought into the court room handcuffed in the presence of the jury, and that handcuffs were placed upon him on each occasion as he was taken from the courtroom, a fact also observed by the jury. The trial lasted for three days, and no complaint of this action was made during its progress. No contention is made that appellant was prevented from freely consulting with his attorney.

> This, we think, was a matter within the discretion of the trial court. Certainly, it was the duty of the officers to prevent appellant's escape, and they had the right to take such precautions as appeared to them to be reasonably necessary to prevent it.

> The case of *Commonwealth* v. *Millen*, 289 Mass. 441, 194 N.E. 463, is one decided by the Supreme Judicial Court of Massachusetts, in which case the defendants were shackled during their trial, and the court refused to order the removal of the shackles during the trial. It was insisted that the presiding judge had abrogated his authority and control over the defendants in the courtroom to the sheriff, and that this was a violation of the rights of the defendants to due process under the 14th Amendment to the federal Constitution. The defendants were not denied the right to freely confer

---

[1]Johnson was tried jointly with the alleged accomplice.

with their counsel. In overruling this contention it was said: 'It was also the duty of the sheriff to see that the defendants when placed upon their trial were properly guarded to insure their presence there, and that the safety of others was protected. If, as could have been found the sheriff had knowledge that it was advisable and necessary during the trial to have shackles upon them, he violated no legal duty owed to them.'

Trial courts must be allowed a discretion as to the precautions which they will permit officers, having custody of a prisoner upon trial, to take to prevent the prisoner's escape, or to prevent him from harming any person connected with the trial, or from being harmed. No complaint was made during the progress of the trial that this discretion was being abused, and we think there was no abuse of discretion in this respect."

Of course, the fact that counsel had been appointed only a short time before the trial, could have had nothing to do with the failure to make an objection. This was an occurrence that arose offhand and if it were felt that this prejudiced appellant in the eyes of the jury, an objection should have been made.

Let it be emphasized that both of the matters here discussed (pre-trial publicity and entering the courtroom handcuffed) were matters that occurred before Johnson's conviction, and there was nothing to prevent the assertion of error at the time of trial, which would of course, have given this court the opportunity to pass on the questions at the time of the original appeal. In *Ballew et al v. State,* 249 Ark. 480, 459 S.W. 2d 577, the petitioners' convictions for assault with intent to kill were affirmed in this court and subsequently permission was sought to proceed in the trial court under our post-conviction procedure. We denied the petition, holding, *inter alia,* that the grounds asserted for post-conviction relief should have been raised during the trial. We then said:

"Ordinarily motions such as here involved are either summarily granted or denied, but in view of the num-

ber of federal habeas corpus petitions made with respect to issues not raised in our trial courts, we have gone to some length here to show merit of giving credence to our procedural rules which are not vastly different from those in practice before the federal courts. Unless such credence is given to our procedural rules particularly with respect to matters within the knowledge and ambit of the defendant at the time of trial, the guilty by merely remaining quiet when he ought to speak can trap society and obtain his liberty after memories have failed, witnesses have died and records are lost. Our laws guarantee to every man charged with crime the right to his day in court before a jury and according to law. In so doing society should be entitled to demand that all issues be tried and litigated on that day, particularly with respect to matters within the knowledge and control of the defendant. Our procedural rules are designed to accomplish that result."

The language is *apropos* to the case presently before us.

For the reasons stated, the judgment of the Pope County Circuit Court is affirmed.