EARL EUGENE MURPHY *v.* STATE OF ARKANSAS

CR 73-104                                    500 S.W. 2d 394

Opinion delivered October 29, 1973

*James H. Pilkinton,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by *James W. Atkins,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. In April, 1971, Earl Eugene Murphy, the appellant herein, entered a plea of guilty to a charge of robbery and was sentenced to 18 years. At the time of this sentence a charge of assault with intent to kill was pending against appellant. Following his incarceration for robbery, appellant's motion for a speedy trial on the assault with intent to kill charge was granted. Appellant was tried before a jury and found guilty of this charge which grew out of the appellant's shooting of the

operator of the service station which he had robbed. The jury set appellant's punishment at 21 years, and the court entered judgment ordering this latter sentence to run consecutively with the previous one.

No appeal was taken from this conviction, but appellant petitioned for post conviction relief under our Rule One procedures and was granted a hearing. The trial court denied all relief on the Rule One.

For reversal appellant contends that he should be granted a trial on the robbery charge to which he pleaded guilty. Appellant bases this contention on the allegation that he was under the influence of drugs at the time of the hearing at which he changed his plea from not guilty to guilty. Therefore, appellant argues, his plea was involuntary and should not have been accepted by the trial court.

Appellant testified at the Rule One hearing that he had concealed several capsules of "RJS", a drug that "lifts your spirits", on his body at the time of his arrest by taping them under his arm pit. He testified that he took the last one of these capsules the night before he went to court and changed his plea to guilty. He further testified that, as a result of the effects of this drug, at the time of entering his plea of guilty he did not know what he was doing and was not himself. Appellant in his brief argues that there is no showing that his plea of guilty was freely and understandingly entered, and it therefore must be taken to have been involuntarily made.

We find no merit in this contention. The record of the Rule One hearing indicates that appellant recalled that the judge before whom the plea was entered had asked him if he was under the influence of alcohol or drugs, and appellant's response was that he was not. Appellant was represented by court appointed counsel at the time of the plea. Counsel testified at the Rule One hearing that he had thoroughly discussed the nature and consequences of a plea of guilty with appellant prior to the entry of the plea, and that on the day of the plea appellant appeared normal and never indicated in any manner that he was under the influence of drugs.

It should be noted that there is nothing in the record which tends to inpugn the voluntariness of the guilty plea other than appellant's own testimony at the Rule One hearing. See *Parker* v. *State,* 254 Ark. 878, 496 S.W. 2d 430 (1973). The balance of the record relative to this point indicates that the plea was voluntarily and understandingly entered, and that the judge before whom the plea was entered made thorough inquiries as to the voluntariness of the change in plea.

Appellant's other point for reversal concerns the voluntariness of a confession introduced at the trial of the assault with intent to kill charge. Appellant argues that the trial court made no specific finding that the confession was voluntary. We find no merit in this contention. In the first place the record does not reveal any request by the appellant that the trial court make a specific finding on the voluntariness of the confession. *Ballew* v. *State,* 249 Ark. 480, 459 S.W. 2d 577 (1973). Furthermore, appellant did not raise the issue in his Rule One Hearing from which this appeal was taken. *Bailey* v. *State,* 254 Ark. 628, 495 S.W. 2d 150 (1973).

In any event the record reveals that an in-chambers hearing was held prior to the introduction of evidence of the confession. This hearing was held after the jury was sworn and prior to any testimony being taken, and the record shows that its purpose was to determine whether appellant had been advised of his rights prior to making statements to the sheriff and the deputy prosecutor subsequent to his arrest. At this in-chambers hearing the deputy prosecuting attorney and the sheriff testified that prior to making any incriminating statements the appellant had been advised of his right to have an attorney of his choice present or to have an attorney appointed for him. At the end of this hearing the trial judge said:

> "The court holds that the defendant was appraised of his rights, that he understood them—that he intelligently understood them—and that he waived them."

Even if the appellant had properly raised the issue of the voluntariness of the confession in his Rule One

petition, the in-chambers hearing conducted by the trial court was sufficient to satisfy the requirements of Ark. Stat. Ann. § 43-2105 (Supp. 1971), which provides for procedures to insure compliance with the constitutional requirement of a *Denno* hearing. Furthermore, the witnesses called by appellant at his trial testified to confessions he had made without objection.

Affirmed.