James H. COLEMAN *v.* STATE of Arkansas

CR 74-133                                    518 S.W. 2d 487

Opinion delivered January 27, 1975

539

*Harold L. Hall*, P.D., by: *Robert L. Lowery*, Deputy, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant James H. Coleman sought credit for time spent in pretrial incarceration by petition for postconviction relief under Criminal Procedure Rule 1. Credit was denied by the circuit court which sentenced him. We affirm.

Coleman was found guilty of robbery by a jury on October 12, 1973, and sentenced to five years in the Department of Corrections pursuant to the jury verdict. He contended that since the sentence was imposed by the jury, the conclusion that he was denied credit for time spent in jail prior to his trial is inescapable. Yet we have no means of knowing whether the jury was aware of the time he had spent in jail.

The trial judge found that appellant was first confined on the charge of robbery on March 30, 1973, that bail was fixed at $5,000, but that appellant remained in confinement until the date of his trial, and held that he was not entitlted to credit for this time spent in jail. Coleman testified that he was unable to make bond because he did not have the money and had no property to put up as security for bail. The judge noted that the record disclosed the following: on May 7, 1973, Coleman's case was passed to enable him to employ a lawyer; on May 15, the public defender was appointed to represent him; on June 4, Coleman entered a plea of not guil-

ty and waived trial by jury, whereupon the case was set for trial before the court without a jury on July 18; on July 16, the case was passed until September for setting, on motion of Coleman; and on August 29, the case was set for jury trial on October 12.

Our statute on the subject provides that the matter of allowing credit for time spent in pre-trial incarceration is addressed to the discretion of the trial court. Ark. Stat. Ann. § 43-2813 (Supp. 1973). We held in *Shelton* v. *State,* 255 Ark. 932, 504 S.W. 2d 348 that when the sentence imposed plus the time spent in jail awaiting trial did not exceed the maximum penalty, a prisoner is not entitled as a matter of right to credit for the full time spent in jail. As we recognized, however, in *Smith* v. *State,* 256 Ark. 425, 508 S.W. 2d 54, constitutional standards prevent the exercise of this discretion when it results in an accused's being held in jail awaiting trial solely because of his indigency. Of course, it seems clear that appellant was endeavoring to employ a lawyer and first asserted his indigency after his case was passed to enable him to do so. And then, after having waived trial by jury, he withdrew his waiver on the eve of trial, and demanded trial by jury, resulting in the necessity of a resetting and the delay occasioned thereby. It can be plainly seen these delays were not due solely to his indigency, and the allowance of credit on his sentence for whatever time elapsed because of his actions certainly was discretionary with the trial court. It seems possible however, that some of his pretrial incarceration may have been due solely to his indigency.

There is nothing in the record to indicate that Coleman ever sought credit for his jail time in the trial court. Postconviction relief is not available to an accused who could have asserted the ground of his attempted collateral attack in the trial court before sentence was pronounced, but did not. *Johnson* v. *State,* 253 Ark. 1, 484 S.W. 2d 92; *Murphy* v. *State,* 255 Ark. 398, 500 S.W. 2d 394; *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657; *Cooper* v. *State,* 249 Ark. 812, 461 S.W. 2d 933, *Ballew* v. *State,* 249 Ark. 480, 459 S.W. 2d 577; *Cox* v. *State,* 243 Ark. 60, 418 S.W. 2d 799.

Our statutes cover sentencing procedures very

thoroughly. See Ark. Stat. Ann. §§ 43-2301 - 2305 (Repl. 1964, Supp. 1973). Of course, there is a presumption of regularity attendant upon every judgment of a court of competent jurisdiction. *Norrell* v. *Coulter,* 218 Ark. 870, 239 S.W. 2d 280; *Cutsinger* v. *Strang,* 203 Ark. 699, 158 S.W. 2d 669; *Stumpff* v. *Louann Provision Co.,* 173 Ark. 192, 292 S.W. 106; *Hooper* v. *Wist,* 138 Ark. 289, 211 S.W. 143. This strong presumption of validity applies to criminal convictions and sentences, which entitles them to every reasonable intendment in their favor. *State* v. *Plum,* 14 Utah 2d 124, 378 P. 2d 671 (1963); *State* v. *Superior Court,* 82 Ariz. 237, 311 P. 2d 835 (1957); *State* v. *Cowan,* 25 Wash. 2d 341, 170 P. 2d 653 (1946); *Paul* v. *State,* 177 S. 2d 537 (Fla. Ct. App. 1965); *People* v. *Tannehill,* 193 C.A. 2d 701, 14 Cal. Rptr. 615 (1961); *People* v. *Crispell,* 60 N.Y.S. 2d 85, 185 Misc. 800 (1945. See also, *Smith & Parker* v. *State,* 194 Ark. 1041, 110 S.W. 2d 24; 24 CJS 656, Criminal Law, § 1605 (7). In the absence of any showing to the contrary, it will be presumed that a sentence is pronounced and that the circuit court did its duty according to the statutes unless the failure to do so appears upon the face of the record. *Brickey* v. *State,* 148 Ark. 595, 231 S.W. 549; *Brown* v. *State,* 13 Ark. 96. See also, *Morrison* v. *State,* 159 Ark. 323, 251 S.W. 873.

After a jury verdict has been returned, §§ 43-2301, 2303 require that the court must ask the defendant if he has any legal cause why the judgment shall not be pronounced according to the verdict. The privilege is commonly known as the right of allocution. Even when the record is silent, it is to be assumed that such a statute was followed by the trial court, in the absence of evidence showing that it was not. *Nahas* v. *State,* 199 Ind. 117, 155 N.E. 259 (1927); *State* v. *Hunter,* 82 S.C. 153, 63 S.E. 685 (1909). See also, 1 Freeman on Judgments (5th ed.) 830. On collateral attack, the burden of showing non-compliance with such a statute is upon the accused. *People* v. *Sheehan,* 4 A.D. 2d 143, 163 N.Y.S. 2d 313 (1957); 24 CJS 656, Criminal Law § 1605 (7). See also, *State* v. *Terry,* 98 Kan. 796, 161 P. 905 (1916). In this case, it does not appear from the face of the record, and there is certainly no evidence to show, that the court did not afford to appellant the opportunity to ask for credit for his jail time prior to sentencing or that any objection was ever offered to the pronouncement of

the sentence without crediting the pretrial jail time against the term imposed by the jury.

Since the appellant has failed to make the required showing, the judgment is affirmed.