## CALVERT FIRE INSURANCE COMPANY *v.*
## CARPET MART OF TEXARKANA, INC.
### and Thomas D. STANDLEY, Jr.

78-331                                    587 S.W. 2d 1

Opinion Delivered September 10, 1979
(In Banc)

*Nolan, Alderson & Vickery,* for appellant.

*Rubens, Rubens & Saxton,* by: *Kent J. Rubens;* and *Ralph J. Blagg,* for appellees.

JOHN I. PURTLE, Justice. This case involves entitlement to the proceeds of a fire insurance policy issued on an aircraft which was subsequently destroyed by fire. The seller, who held the title to the aircraft, the purchaser-owner and a lienholder each claimed part or all of the proceeds of the policy. Payment was made to the titleholder and the named lienholder after the purchaser refused to endorse a draft made to all three. The titleholder filed suit pursuant to the sales purchase contract, and the purchaser defended alleging the Wingo Act, Ark. Stat. Ann. §64-1202 (Repl. 1966), prevented the seller from enforcing the contract. The purchaser also counterclaimed against the seller and made the insurer a third party defendant. The trial court ruled the seller had no standing to sue in Arkansas because it was not authorized to do business in the state. The insurer pleaded estoppel and relied on its contract terms as a defense to paying the claim a second time.

The trial court ruled that the case could proceed to trial only between the purchaser and the insurer and, further, the only issue was estoppel. This ruling was based upon a pretrial order, which was subsequently read to the jury, holding the titleowner had no standing to sue and that the policy was in force at the time of the loss. The court further held, prior to the trial, that unless the purchaser was estopped he could recover the policy limits. The jury found in favor of the purchaser and the insurer appeals.

We are called upon to rule that the court erred in limiting the insurer's defense to the issue of whether the purchaser was estopped to deny he acquiesced in the payment to the seller and the listed lienholder. We believe the court did err in limiting the evidence to the issue of estoppel and the case must be remanded.

The facts are not materially in dispute. The lease-sale agreement was entered into in El Dorado, Arkansas, on May 30, 1975, between Carpet Mart of Texarkana, Inc., a Texas corporation, and Thomas D. Standley, Jr., a resident of Crittenden County, Arkansas. Standley was to pay an agreed monthly rental which would be credited to the purchase price. He also agreed to procure fire insurance which would

protect the rights of the seller and lienholder. Such policy was procured from Calvert Fire Insurance Company. The policy named Standley and Carpet Mart as insureds and American National Bank of Morristown, New Jersey, as lienholder. The policy contained the standard clause allowing payment as "interest appears." The face amount of the policy was $35,-000 and it had a $50 deductible clause. The lien was shown on the policy to be in the amount of $21,600 at the time of issue.

The aircraft was totally destroyed by fire on February 1, 1976, shortly after major repairs at a cost of about $6,000, for which a lien was subsequently filed. Calvert determined the plane was a total loss and the salvage was valued at $5,000. Proof of loss was executed by Standley. The proof showed he and Carpet Mart as named insureds with American National as a lienholder. Calvert issued a check for $34,950 payable to all three of the above parties. Carpet Mart attempted to get Standley to endorse the check and return it to them for further disposition. He refused to do so and requested that Carpet Mart endorse it and leave it with him or his attorneys. His reason was that he did not trust Carpet Mart's representative. On May 28, 1976, Calvert reissued a draft without Standley's name on it. At the time Calvert issued its second draft it obtained a hold harmless agreement from Carpet Mart. Also, Calvert collected $5,000 from Carpet Mart for the salvage. At no time did Standley object to including the other names on the draft nor did he request, prior to filing suit in July of 1976, that the proceeds be paid only to himself.

Calvert alleges it was error to limit their defense to that of estoppel by Standley. It was agreed between the parties that the Wingo Act ruled Carpet Mart out of the lawsuit as a claimant. As we see it, the matter resolved to a dispute between Calvert and Standley as to whether the proceeds were improperly paid and whether Standley was estopped to make the present claim. Calvert contended it had the right to pay the parties as their respective "interest appeared" at the time. It is not suggested that Calvert was not authorized and doing business in Arkansas. They were no way dependent on Carpet Mart to transact business in this state. Obviously, Calvert would have been subject to suit by Carpet Mart in

Texas or American National in New Jersey pursuant to the terms of the insurance policy. Both were shown on the face of the policy to have an interest in the proceeds from any loss. Certainly, Calvert was not an assignee of Carpet Mart and their rights and responsibilities were not dependent upon the status of Carpet Mart.

A claim of usury was urged as a defense to enforcement of a suit to collect on a loan in the case of *Seaboard Finance Co. v. Wright*, 223 Ark. 351, 266 S.W.2d 70 (1954). While the suit was pending the debtor committed suicide. The credit life insurer paid the proceeds of the policy to the creditor. There we upheld the right of the insurer to pay the creditor until the loan had been declared usurious. We believe the same rationale applies in the present case. Since Calvert made payment before the contract between Standly and Carpet Mart was ever challenged, they were not in error except inasmuch as they may not have properly determined the "interest" of the various parties. The trial court was correct in stating Calvert could not just haul off and pay anybody they wanted to and release their liability under the contract. However, we do not find in the record what the interest of each party amounted to. In *Price v. Harris*, 251 Ark. 793, 475 S.W.2d 162 (1972), we held that the mortgagee was entitled to proceeds of a fire policy against the claims of the mortgagor where the policy contained a clause "as interest appears." When a party stands by and fails to assert a claim for proceeds of an insurance policy he cannot later assert it against the interest of those who rely on his silence. *Johnson v. Spencer*, 222 Ark. 710, 262 S.W.2d 290 (1953); and *Whitley v. Irwin*, 250 Ark. 543, 465 S.W.2d 906 (1971). A fire loss to a vehicle was involved in *Newberry v. Fireman's Fund Insurance Co.*, 253 Ark. 330, 485 S.W.2d 731 (1972), and there we held the mortgagee had priority on the proceeds where there was "as interest appears" clause in the insurance policy.

We believe the trial court improperly interpreted the pretrial order to unduly limit Calvert proof at the trial. We hold that Calvert should be allowed to furnish evidence not only of estoppel by Standley but to the effect that they proceeded in compliance with the terms of the policy. The proof will naturally include matters relating to the interest of

various parties. The case is remanded with directions to proceed in a manner consistent with the foregoing opinion.

Reversed and remanded.