Hollman *v.* State.

5051 361 S. W. 2d 633

Opinion delivered November 5, 1962.

[Rehearing denied December 3, 1962.]

*Holt, Park & Holt,* for appellant.

*Frank Holt, Atty. General,* by *Russell J. Wools, Asst. Atty. Gen.,* for appellee.

George Rose Smith, J. Upon trial without a jury the appellant, John Hollman, was found guilty of having knowingly received stolen property (ten chain saws) and was sentenced to imprisonment for ten years. For reversal he contends that his confession of the crime was involuntary and that its introduction in evidence by the State

violated his rights under the due process clause of the Fourteenth Amendment.

The ten saws in question were stolen from Timberland Saw Company on October 27, 1958. Hollman was picked up by the police on the same day, without a warrant for his arrest, and was questioned about the theft. He denied any knowledge of the matter. After an hour or two of questioning he was released.

A day or two later Jerome Wells was taken into custody and confessed that he had stolen the saws and had disposed of them through Hollman. On October 30 Hollman was arrested a second time, without a warrant. The testimony of the investigating officers does not specify the date on which Hollman was questioned, but apparently it was immediately after his arrest on October 30. The trial court was certainly justified in so finding.

According to the two officers Hollman was questioned in the presence of Jerome Wells, who again confessed his own guilt and implicated Hollman. The officers say that Hollman voluntarily admitted that he received the saws from Wells, knowing them to be stolen property, and sold them for $300. Hollman testified that during the questioning Wells was "all swolled up" and appeared to have been whipped. Hollman states that the officers exhibited blackjacks, forced him to make a false confession by threatening him with the same treatment that Wells had received, and refused to allow him to telephone an attorney. Both officers deny that any force or threats were used and deny that Hollman asked to be allowed to call a lawyer.

With the testimony in direct conflict the trial court was at liberty to accept the officers' version of the matter and to find that the confession was voluntarily given. The fact that Hollman was "uncounseled and illegally detained" does not render his confession inadmissible. *Stein* v. *New York,* 346 U.S. 156.

Many of the appellant's complaints relate to matters that occurred after the confession to the officers on

October 30. During the next six days Hollman was kept in confinement while the police investigated other thefts that apparently were disclosed either by Wells or by Hollman. A total of some thirty stolen chain saws were recovered in the course of the investigation. On or about November 5 Hollman was interviewed by the prosecuting attorney and again confessed his guilt. This confession seems to have been reduced to writing, but it was not introduced at the trial. The information was filed by the prosecuting attorney on November 5, and thereafter the accused was released on bond.

We are not convinced that Hollman's confession, if voluntarily made, was rendered inadmissible by later events. It is established by the proof that he was confined until November 5 without a formal charge having been lodged against him. It is also true that the arresting officers did not take him before a magistrate as the statute requires, Ark. Stats. 1947, § 43-601, but this omission did not invalidate the confession. *State* v. *Browning*, 206 Ark. 791, 178 S. W. 2d 77. Whether Hollman was denied an opportunity to call a lawyer was a disputed issue of fact which the trial court could resolve against the accused. Nor was the court compelled to accept Hollman's testimony, uncorroborated and apparently based on hearsay, that members of his family were not allowed to visit him.

It is clear enough that subsequent illegal conduct on the part of the police is relevant when it casts light upon their attitude át the time of the original questioning of the accused. *Haley* v. *Ohio*, 332 U.S. 596. Here, however, we do not perceive that the later events have any tendency to support Hollman's testimony that the officers displayed their blackjacks and threatened him with physical abuse. The case is not dissimilar in principle to *United States* v. *Mitchell*, 322 U.S. 65, where the accused was illegally detained for eight days while the police investigated other thefts that had been disclosed by his initial voluntary confession. Even though that case was tried in a federal district court, where the governing rules are more strict than those that are applica-

ble to state procedure under the Fourteenth Amendment, the court held that the admissibility of the confession was not affected by the later occurrences. In the course of the opinion it was noted that "the illegality of Mitchell's detention does not retroactively change the circumstances under which he made the disclosures." We are of the same view in the case at bar.

Affirmed.