**George K. VASCOVICH, Petitioner,**

**v.**

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C–67–23–E.**

United States District Court
N. D. West Virginia.

Sept. 22, 1967.

James B. McIntyre, Charleston, W. Va., for petitioner.

Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner, George K. Vascovich, is serving a life sentence in the West Virginia State Penitentiary following his 1949 conviction for attempted robbery with violence [1] from the Criminal Court of Harrison County, upon a plea of guilty.

Having exhausted his state remedies Petitioner now files for habeas corpus relief in this court under Title 28, United States Code, Section 2254. As basis for relief, Petitioner complains of (1) misjoinder of a felony and a misdemeanor in the same indictment, (2) failure of the indictment to inform the accused of the character and nature of the offense charged, (3) insufficiency of the indictment to support a conviction because the Petitioner's name was not in the charging part, and (4) failure to be advised of his rights and the consequences of his plea.

■ The first three allegations were properly and correctly found to raise no constitutional claim and were fully and fairly disposed of by the Supreme Court of Appeals in State ex rel. Vascovich v. Skeen, 138 W.Va. 417, 76 S.E.2d 283 (1953), cert. denied, 346 U.S. 916, 74

1. At the time of Petitioner's conviction the statutory *maximum* penalty for robbery with violence and for an attempt to commit robbery with violence was not stated. The statute in question merely stated a minimum sentence. The present code was amended in 1961 to provide a maximum penalty of 18 years for attempted robbery with violence. W.Va. Code § 61–2–12 (1961).

S.Ct. 277, 98 L.Ed. 411. An order was issued by this Court for a hearing only on the fourth allegation, a factual issue.

After the appointment of counsel by this Court, on September 8, 1967, in Clarksburg, West Virginia, a plenary hearing was held.

Petitioner testified that after his arrest in July, 1949, he was taken to the office of the Assistant Prosecuting Attorney where his case was discussed. Mr. Vascovich testified that at that meeting he asked the Assistant Prosecutor what penalty his offense carried and was told that the penalty was five to ten years, that if he did not cooperate the state would file an information against him under the state's recidivist statute. Deciding to cooperate Petitioner signed a confession and decided to plead guilty. At his arraignment he was not warned by his attorney nor by the court of the penalties which he faced. Mr. Vascovich testified that had he known his offense was punishable by life imprisonment he would not have signed the confession nor would he have pleaded guilty.

Thus the Petitioner's fourth allegation breaks down into three separate constitutional deprivations all interlocked to happenstance and proof. They are (1) ineffective assistance of counsel in not informing him of the penalties he faced, (2) the involuntary nature of his confession due to the coercion by way of threat to prosecute him under the recidivist statute and (3) his inability to intelligently plead of his own volition since he was not accurately advised of the penalties he faced by pleading guilty.

In rebuttal the Respondent proffered the testimony of the Petitioner's trial counsel, the Assistant Prosecuting Attorney, the Prosecuting Attorney, and the state police officer who accompanied the Petitioner to the conference in the Assistant Prosecuting Attorney's office; all of whom testified substantially the same, effectively contradicting the Petitioner.

The Assistant Prosecutor testified that he could not remember the exact conference in question but that he never threatened an accused nor urged one to confess, and that he knew the correct penalty for robbery with violence and would have told Petitioner had he been asked.

The state police officer who took Petitioner to the conference, and was present with the accused for its duration, testified from his own recollection that Petitioner wanted to confess and was not threatened; that no one spoke of filing an information under the recidivist statute and he remembers no one mentioning any penalties.

Petitioner's trial counsel testified that he had in his records an agenda similar to the one he used in all cases in which he had written the correct penalty for the crime charged. He took this agenda with him to the jail where he interviewed the accused but counsel was not able to say with certainty that he communicated the penalty to the accused. He also testified that it was Petitioner's own idea to plead guilty.

The Prosecuting Attorney while on the witness stand displayed a remarkable memory of the events in question, and demonstrated his ability and knowledge of law. He noted his particular interest in this case due to his close friendship with the prosecutrix. He vividly recalled the exact details of the Petitioner's sentencing and recounted at length the warning given by the court to the accused before accepting the latter's guilty plea.

This is one of the all too frequent examples of a case that transpired many years earlier and is a case of purely factual issues. Attorneys, having taken part in numerous cases, find their memories hard pressed to recall precise occurrences. On the other hand, Petitioners having usually taken part in one case display "crystal clear" memories, which nevertheless are not always convincing to the habeas court.

██ It appears to this Court that the issues here resolve themselves into purely factual questions. Habeas corpus being of a civil nature, the Petitioner has the burden of proof. The Respondent has offered convincing evidence which

rebuts each and every element of Petitioner's allegation, sufficient to convince this Court, on the evidence, that this petition must be denied.

An order will be prepared in keeping with the findings and conclusions of this opinion.