**William ORMAN, Petitioner,**

v.

**Robert SARVER, Commissioner of Corrections, Respondent.**

**No. PB 69 C-27.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Aug. 15, 1969.

John I. Purtle, Terral, Rawlings, Matthews & Purtle, Little Rock, Ark., for petitioner.

Don Langston, Mike Wilson, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This petition for a writ of habeas corpus was filed in forma pauperis by William Orman, pro se, seeking post-conviction relief on a sentence by the state court for robbery. Petitioner is serving a twenty-one year sentence in the Arkansas State Penitentiary on five charges of robbery by the Pulaski County Circuit Court at Little Rock, Arkansas. On February 21, 1964, the plaintiff entered a plea of guilty on each of the five charges of robbery and was sentenced by the court to twenty-one years in the state

penitentiary on each charge to run concurrently.

Having exhausted his state remedies the petitioner seeks relief in this proceeding under 28 U.S.C.A. § 2254. This matter has been heard by two judges of the circuit court and twice considered by the Supreme Court of Arkansas.

Judge William J. Kirby, Judge of the Pulaski County Circuit Court, First Division, the sentencing judge, conducted a hearing for post-conviction relief on May 29, 1967. On appeal to the Supreme Court of Arkansas it was remanded for a determination to be made by a different judge on a question of fact as to whether the petitioner voluntarily changed his pleas from not guilty to guilty on five charges of robbery. Orman v. Bishop, 243 Ark. 609, 420 S.W.2d 908.

By assignment of the Chief Justice of the Supreme Court of Arkansas, Honorable W. H. Arnold, III, Judge of the Eighth Judicial Circuit, held a hearing on the matter February 27, 1968. The appellant was again denied relief and on appeal to the Supreme Court of Arkansas the judgment was affirmed. Orman v. Bishop, 245 Ark. 887, 435 S.W.2d 440.

As in his petition for post-conviction relief in the state courts, the petitioner contends a violation of his constitutional rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. As a basis for relief he contends (1) an unnecessary and prolonged detention before being charged and failure to be advised of his rights, (2) that his plea of guilty was entered without the presence of his attorney, and (3) that his plea of guilty was coerced by threats and intimidation and in a manner in which he did not fully understand the consequence of his plea.

At a regular scheduled hearing by this court the petitioner appeared with his attorney, Honorable John I. Purtle, and the respondent appeared by the Honorable Don Langston, Assistant Attorney General and the Honorable Mike Wilson, Assistant Attorney General. After a statement by the attorneys, the matter was submitted upon the records made in the two previous hearings by the state courts on Rule 1 proceedings for post-conviction relief, together with the testimony of witnesses Pepper Martin, an inmate in the Arkansas State Penitentiary, and a co-defendant serving similar sentences with that of the petitioner.

■ There was no record made of the proceeding at the time the petitioner withdrew his plea of not guilty and entered pleas of guilty on each of the five charges. The Arkansas Supreme Court has appropriately criticized the procedure and the state court is to be commended for correcting it by having an official court reporter in all pleas. The complete record should be made available. As stated by the Supreme Court of Arkansas: "There is no need for the judge —or the prosecuting attorney—nor any other person—to testify from memory, and we recommend that, where possible, all trial courts, in accepting pleas of guilty, direct that a record be made of all proceedings therein." Medley v. Stephens, Supt., 242 Ark. 215, 412 S.W.2d 823.

All three of the allegations of the petitioner in this proceeding were properly and correctly found to raise no constitutional claims and were fully and fairly disposed of by the state courts as affirmed by the Supreme Court of Arkansas. Orman v. Bishop, supra. Witnesses who testified in the state court proceedings included the petitioner, the petitioner's wife, the attorney who represented him, a cell mate, the jailer, the police that arrested him, the judge of the court who took his plea and sentenced petitioner, the prosecuting attorney and the assistant prosecuting attorney.

■ This court has carefully studied the transcript of the proceedings, the docket entry of the pleas, of the sentence and the entire state record. This court finds that in accordance with the criteria of Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963) and 28 U.S.C.A. § 2254(d), a full, fair and adequate evidentiary hearing was had with respect to petitioner's allegations; that all avail-

able witnesses whose testimony was relevant to his charges testified; that all material facts bearing upon the allegations of coercion, threats and intimidation, were adequately developed; and that the factual conclusions of the state trial judge in the second hearing are fairly and fully supported by the record. It would serve no purpose in again reviewing these facts herein.

It is sufficient for this record to note that the petitioner is no stranger to court proceedings, having been charged and before the courts on numerous occasions and having served four separate sentences in penitentiaries of Mississippi, Alabama, Tennessee and Arkansas. He was informed of his rights to remain silent and that any statement made by him, may be used against him, even though his confession was never used.[1] There is no substance to petitioner's claim that he was mistreated and beaten by police.

Charles E. Scales, recorded on the docket entries as petitioner's attorney, of his own choosing appeared before the court with the petitioner originally when he entered a plea of not guilty. It was the petitoner's well-considered decision that he change his plea from a plea of not guilty to a plea of guilty. It can hardly be said from this record that he was not aware of the consequence and certainly he understood the results of the plea after being advised by the court.

It is quite clear that the issues here resolved themselves into purely factual questions. Habeas Corpus being of a civil nature the petitioner has the burden of proof. Vascovich v. Boles, D.C., 273 F.Supp. 234 (1967). The record contains convincing evidence that each and every element of the petitioner's allegations are without merit and the petition should be denied.

An order will be entered in accordance with the findings and conclusions of this opinion.

1. As pointed out by the Supreme Court of Arkansas the Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decisions have no bearing on this case.