CARLTON J. CARNEY *v.* STATE OF ARKANSAS

5554                                               464 S. W. 2d 612

Opinion delivered March 15, 1971

Harold C. Rains Jr., for appellant.

Ray H. Thornton, Jr., Attorney General; Garner L. Taylor, Jr., Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged in June 1966 with first degree murder. Thereupon, he and a codefendant were afforded the assistance of a court-appointed attorney. About five months later they entered a plea of guilty to the reduced charge of second degree murder, and each was sentenced to twenty-one years in the State Penitentiary. In March 1970 appellant filed this Rule 1 petition for post-conviction relief. Ark. Stat. Ann., Vol. 3A, 1969 Supp., p. 91. His present counsel was then appointed, and an evidentiary hearing was conducted after which the trial court, by written

findings of fact and conclusions of law, denied the petition. This appeal follows.

For reversal appellant first argues that he was not advised of his right to remain silent and did not have the benefit of counsel at the time of his alleged guilty plea. He therefore asserts that the trial court erred in failing to find that his constitutional rights were violated. Although the record adequately reflects that appellant was in fact given the Miranda warnings, we need not further consider this contention since it was not included in appellant's Rule 1 petition but, instead, raised here on appeal for the first time.

It is undisputed that appellant's court-appointed counsel represented appellant at his arraignment and when he later entered his plea of guilty. Appellant's claimed lack of representation appears to be founded upon his personal impression that unless he pleaded guilty, his court-appointed attorney would represent his codefendant exclusively. This was denied by the attorney who testified that he submitted a plea to the lesser degree because he thought it was "wise under the circumstances." There was evidence that appellant was fully advised of his rights by his counsel and the court. Appellant does not question the attorney's competency, and the record amply demonstrates that his approval of a guilty plea to a lesser charge was a matter of professional judgment based upon a thorough investigation of the facts, including the evidence accumulated by the prosecution and the probabilities of an unsuccessful trial of the case upon the original charge. An elderly person was murdered, and it appears that appellant was present as a participant with his codefendant when the alleged crime was committed. The crime was described as "gruesome" and committed with "brutality."

Appellant's court-appointed counsel is an experienced lawyer, having practiced for the past seventeen years. Upon appointment he learned that appellant had a history of some mental instability and treatment while living in Chicago. He promptly secured an order from the trial court committing appellant to the State Hos-

pital for a mental examination and advised the Hospital concerning the information he had about appellant. The Hospital, however, found appellant without psychosis. Further, he contacted appellant's relatives in Chicago numerous times and acquired data from a mental institution there for the trial court's consideration. Appellant's counsel secured two continuances to facilitate his duties and discharge his responsibilities. It appears that appellant was ably and diligently represented by his court-appointed counsel. In our view, the evidence supporting the court's findings on this issue is certainly sufficient.

In his next two points for reversal appellant contends that he did not in fact enter a plea of guilty or, alternatively, that if he did, it was a product of duress. He claims that his guilty plea was in contravention of Ark. Stat. Ann. § 43-1221 (Repl. 1964) in that it was submitted by the court-appointed attorney while he himself remained silent. However, witnesses who were present when the plea was entered testified that upon pleas of guilty it was the practice of the trial court to affirmatively determine from the defendant himself whether he desired to plead guilty and, also, if he understood the significance of such a plea, and that in the case at bar the appellant did, in accordance with that practice, confirm the plea submitted by his attorney. Appellant nevertheless maintains that in any event the plea was extracted as a result of harassment and numerous threats which, according to his testimony, were made by the police during his pretrial incarceration to the effect that he would be sentenced to death unless he pleaded guilty to a lesser offense. This complaint, which was never asserted prior to appellant's Rule 1 petition, is not corroborated and is, in fact, contradicted by other testimony that he was not abused or "mistreated in any manner." There was also evidence that the officers brought him clothing and attended to some of his other needs. We think there was sufficient evidence of a substantial nature to support the finding of the trial court that appellant's plea was properly entered.

Appellant lastly argues for reversal that because of his age at the time of the crime (16) and his history of mental instability, the common-law presumption of incapacity should apply. Again, this point is raised for the first time on appeal and cannot, therefore, be considered. However, we note that the appellant had attained the ninth grade and, as previously indicated, the State Hospital found him without psychosis.

In the case at bar, a full canvass of the record reveals no violations of appellant's constitutional rights.

Affirmed.