DOVIE MARIE McGINNIS v. STATE OF ARKANSAS

5635                                    471 S.W. 2d 539

Opinion delivered October 18, 1971

*H. Allen Dishongh,* for appellant.

*Ray Thornton,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of forgery and punishment was fixed at two years in the State Penitentiary. The appeal is grounded on the theory that the trial court erred in refusing to suppress certain evidence which appellant alleged was illegally obtained.

The prosecuting witnesses were husband and wife and they had a joint account at Worthen Bank and Trust Company. They had a book of personalized checks which disappeared from their car in August 1970. During that month a check with the prosecuting witnesses' names printed thereon was cashed at Shainberg's store in North Little Rock. The woman cashing the check executed it in the presence of the associate manager. She signed the name "Mrs. Mildred L. Hays," one of the prosecuting witnesses. Underneath the signature the maker wrote the number of Mrs. Hays's driver's license. When the check was returned for suspected forgery, Shainberg turned the instrument over to the North Little Rock Police Department. The check was transmitted to the FBI laboratory in Washington to be inspected for fingerprints. The FBI reported that a thumb print of appellant, Dovie Marie McGinnis, was discernible. On the basis of that information Officer Scharfenberg began a search for appellant. Eventually she was located at a beauty school in North Little Rock.

The crux of this appeal surrounds the events which transpired at the time of arrest. Appellant contends that (1) she was placed under detention without a warrant and in the absence of probable cause, and (2) the detention was in fact for the purpose of obtaining addi-

tional evidence to establish a charge of forgery against appellant.

We cannot say the trial court erred in finding the existence of probable cause. The officer had in his possession a check shown with reasonable certainty to have been forged. The forger was known to be a female Caucasian, as was appellant. The personalized check was undoubtedly one of those checks which disappeared from the Hays car. The only significant fingerprint found on the check was that of appellant. Appellant was identified from pictures as having been in Shainberg's. It may also have been significant that the officer, with ten years experience, knew appellant on sight. That evidence was sufficient to raise "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man to believe the accused committed a felony." We have approved that definition of probable cause. *Johnson v. State,* 249 Ark. 208, 458 S. W. 2d 409 (1970).

Irrespective of probable cause, appellant contends that she was not placed under arrest for forgery, that she was taken into custody for the purpose of obtaining additional information to support a suspicion of forgery. The recited allegation centers around the testimony of Sgt. Scharfenberg. Here are the pertinent excerpts from his testimony before the examining magistrate. On direct examination he testified that he went to the beauty shop and placed appellant under arrest. Then on cross-examination he testified:

Q. What was your purpose in going into the shop?

A. To arrest her.

Q. On what basis?

A. Probable cause in a forgery case.

Later in the proceeding he testified on further cross-

examination that the purpose of the arrest was to obtain samples of appellant's handwriting:

Q. By your own testimony, the purpose of the arrest was not for forgery and uttering but to obtain further evidence?

A. Yes, sir.

At the trial in circuit court, Scharfenberg said positively that when he went to the beauty parlor he informed appellant she was under arrest for forgery and that he forthwith took her to the police station and booked her on that charge. He said the police records would bear out his testimony. On cross-examination the witness conceded that he made the statement attributed to him at the preliminary hearing but insisted that he could explain any ambiguity between his testimony at the two hearings. He was not called upon to give that explanation.

The recited testimony was first developed in an in camera hearing and the trial court was asked to hold as a matter of law that the purported arrest was illegal and that the handwriting specimens obtained from appellant during subsequent custody should be excluded. The court declined to so hold. The question of incidents surrounding the arrest was then developed before the jury and was further pursued in closing argument. Both the judge and the jury rejected appellant's theory that appellant was not under arrest when the exemplars were taken. It having been shown that appellant was under arrest for forgery, the taking of handwriting exemplars did not offend appellant's Fifth Amendment privilege against self-incrimination. It (a handwriting exemplar) has been described as "an identifying physical characteristic" outside the protection of the amendment. *Gilbert* v. *California,* 388 U. S. 263 (1967).

Affirmed.