58

Paul FLESCHNER *v.* STATE of Arkansas

5748                                                      484 S.W. 2d 342

Opinion delivered September 11, 1972

*H. Allan Dishongh,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. In 1963 a jury found appellant guilty of rape and assessed his punishment at life imprisonment in the state penitentiary. Eight years later the appellant filed a pro se petition for post conviction relief seeking to vacate that judgment pursuant to Criminal Procedure Rule 1. From the order of the trial court denying appellant's petition comes this appeal. Appellant's only contention for reversal is that the court erroneously failed to grant appellant's petition for post conviction relief inasmuch as his testimony at the evidentiary hearing, wherein he was represented by present court-appointed counsel, demonstrated that he "was unable to adequately defend himself at the time of the trial because he was under the influence of narcotic drugs." We find no merit in this contention.

The basis of this complaint was not asserted among the several allegations contained in appellant's pro se petition for post conviction relief. Ark. Stat. Ann. (1971 Supp.), Criminal Procedure Rule 1, p. 107, (H) provides: "All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition."

Nor can a ground for relief which is available to a petitioner be raised for the first time on appeal. See *Orman v. Bishop,* 245 Ark. 887, 435 S.W. 2d 440 (1968); *Credit v. State,* 247 Ark. 424, 445 S.W. 2d 718 (1969); *Ballew v. State,* 249 Ark. 480, 459 S.W. 2d 577 (1970), *Carney v. State,* 250 Ark. 205, 464 S.W. 2d 612 (1971).

Furthermore, we find no merit in appellant's argument even if he had properly raised his unalleged contention in his pro se petition. Appellant testified that at the time of his trial he had used narcotics for 30 years and he was under the influence of narcotics at the time of his trial to such an extent he was unable to adequately assist his trial counsel in the preparation and presentation of his defense. It is undisputed that preceding his trial he was committed to the state hospital for a 30-day sanity examination and observation and found legally sane by the hospital authorities and able to stand trial. Appellant admits that at his trial he testified in his own behalf and he knew he was being tried for the alleged crime of rape which he denied. However, he says he did not realize the seriousness of the offense. Appellant, also, admits that he did not make known to his trial attorney or the court that he was a narcotics user. Two officers testified that when appellant was arrested and interrogated he did not appear to be under the influence of narcotics. Appellant expressed satisfaction with his court appointed trial counsel.

In the circumstances, we are of the view there was sufficient evidence that the petitioner was mentally competent at the time of his trial and, therefore, the court correctly held that appellant's constitutional rights were not violated.

Affirmed.