JAMES EDWARD CRAWFORD v. STATE OF ARKANSAS

CR 73-4                                    492 S.W. 2d 900

Opinion delivered April 16, 1973

*Herschel W. Cleveland,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted in a single trial of burglary and rape. The six points for reversal attack the admission of evidence, the propriety of a lineup, and the refusal to admit testimony concerning the chastity of the prosecuting witness.

It was the State's theory that appellant went to the prosecuting witness' home at approximately eleven p.m.; that he tried to enter the house through a window; that he then kicked open the back door; that he turned out a light and raped Mary Lee Payton; and that Mary Lee promptly went to the police station and reported the incident. Mary Lee identified appellant from four photographs shown her by the officers and appellant was arrested the next morning at his work. Appellant's defense was that he had no knowledge of the incident and swore that he was at home at the hour in question. He was corroborated by several members of his family.

Point I. *The trial court should have excluded the testimony of police officers who had arrested appellant without a warrant under circumstances where a warrant*

*should have been obtained.* When appellant was advised of the nature of the investigation he spontaneously replied that he was at his home at 11:00 o'clock on the night in question. Appellant contends that the officer's testimony in that respect should have been excluded because the officer had no warrant for appellant's arrest. Under Ark. Stat. Ann. § 43-403 (Repl. 1964) a peace officer is authorized to make an arrest without a warrant if there are reasonable grounds to believe that the person has committed a felony. In point is *McGinnis* v. *State,* 251 Ark. 160, 471 S.W. 2d 539 (1971). In the case before us, the officer went to the home of the prosecuting witness and saw where the back door had been damaged. The prosecuting witness identified appellant as the one who committed the crimes. Reasonable grounds to arrest clearly were established.

Point II. *The court erred in admitting statements made by appellant which were uttered prior to police giving Miranda warnings.* Again, appellant refers to his statement made at the time of his arrest that he was home at 11:00 o'clock and remained there the rest of the night. The officers testified that the statement was spontaneous. The allegation is without merit, as evidenced by such cases as *Edington* v. *State,* 243 Ark. 10, 418 S.W. 2d 637 (1967).

Point III. *It was error to admit statements of the appellant and other evidence obtained during illegal detention. (Appellant was denied the safeguards of a preliminary hearing and was therefore illegally detained.)* Appellant cites Ark. Stat. Ann. § 43-601 (Repl. 1964) which provides that when an arrest is made without a warrant the accused shall be forthwith carried before a magistrate. We have on divers occasions held that the statute is directory and not mandatory and that the failure to so act does not invalidate a confession. *Hollman* v. *State,* 235 Ark. 662, 361 S.W. 2d 633 (1962), certiorari denied, 373 U.S. 933.

Point IV. *The trial court erred in admitting photographs into evidence without a proper foundation being laid.* It is not contended that the photographs showing the interior and exterior of the house were not accurate

representations of the scenes shown. One of the pictures corroborated the State's theory that the rear door had been damaged when entrance was made. The relevancy and admission of photographs are left to the sound discretion of the trial court and are proper when there is no abuse of discretion shown. *Higdon* v. *State,* 213 Ark. 881, 213 S.W. 2d 621 (1948).

Point V. *It was error to refuse to exclude testimony relating to pre-trial lineup which was held without defense counsel being present.* Appellant first contends that the showing of pictures to the prosecuting witness prior to the lineup was impermissibily suggestive. The point is without merit because there is no contention that the photograph identification procedure gave rise to probable misidentification. The probability is further refuted by the fact that the prosecuting witness said she knew the appellant and that she recognized him at the time she was assaulted. On this point we held adversely to appellant's contention in *McClain* v. *State,* 247 Ark. 33, 444 S.W. 2d 99 (1969). Secondly, under this point appellant contends his constitutional rights were violated because he did not have an attorney present at the lineup, citing *U.S.* v. *Wade,* 388 U.S. 218 (1967). The facts before us are different than in *Wade.* In the case before us appellant had been advised of his rights and there is no evidence that he requested a lawyer's presence at the lineup or that his rights were prejudiced by the absence of a lawyer. *Montgomery* v. *State,* 251 Ark. 645, 473, S.W. 2d 885 (1971).

Point VI. *It was error to exclude the testimony of Elois Crawford to establish the fact that he had been having sexual intercourse with the prosecuting witness.* Elois Crawford is a brother of appellant. He testified in an in camera hearing that he had intercourse with the prosecuting witness, with her consent, on four or five different occasions. Appellant's contention is answered in the negative by the landmark case of *Pleasant* v. *State,* 15 Ark. 624 (1855). There we held that in a trial for rape, evidence tending to prove particular instances of unchastity was inadmissible, although evidence may be introduced to establish the general reputation of the prosecu-

trix in that respect. To the same effect see *Plunkett* v. *State,* 72 Ark. 409, 82 S.W. 845, (1904).

Affirmed.

FOGLEMAN, J., not participating.