ERNEST B. BAILEY *v.* STATE OF ARKANSAS

CR 73-22                                    495 S.W. 2d 150

Opinion delivered June 4, 1973

*Floyd J. Lofton,* for appellant.

*Jim Guy Tucker,* Atty. Gen. by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is an appeal from a Rule I hearing in which appellant was denied relief. Six points are listed for reversal, not one of which was listed in his petition. He never amended his petition. We are asked to treat the petition as amended to conform to the proof. We cannot agree to such procedure. We have many times held that the allegations for relief under Rule I must be stated in the petition or amendments thereto. The latest case is that of *Fleschner* v. *State,* 253 Ark. 58, 484 S.W. 2d 342 (1972), where we said:

> The basis of this complaint [point on appeal] was not asserted among the several allegations contained in appellant's pro se petition for post conviction relief. Ark. Stat. Ann. (1971 Supp.), Criminal Procedure Rule I, p. 107, (H) provides: 'All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition'. Nor can a ground for relief which is available to a petitioner be raised for the first time on appeal. *Orman* v. *Bishop,* 245 Ark. 887, 435 S.W. 2d 440 (1968); *Credit* v. *State,* 247 Ark. 424, 445 S.W. 2d 718 (1969); *Ballew* v. *State,* 249 Ark. 480, 459 S.W. 2d 577 (1970); *Carney* v. *State,* 250 Ark. 205, 464 S.W. 2d 612 (1971).

We have no way of knowing why appellant did not amend his petition. We point out that the context of his pro se petition shows appellant to be knowledgeable; and further, that his attorney was appointed more than

thirty days prior to the Rule I hearing, thus of course allowing ample time within which to amend the petition.

The three points listed in the Rule I petition were inadequacy of counsel, no advice of rights at the time of arrest, and handwriting exemplars being taken without his consent.

On the first point appellant based his plea of inadequacy of counsel on the fact that a twenty-one year sentence was imposed, and that his counsel should have asked for an appeal or should have requested a suspended sentence. When those assertions were made in the testimony, the court explained that his trial counsel had nothing to do with the length of the sentence. (Incidentally, appellant was sentenced as an habitual criminal.) Of the other assertions on the first point, petitioner's counsel conceded that they were outside the area of the trial attorney's responsibility and the presence of the trial attorney at the hearing was waived.

The second allegation is that appellant was not advised of his rights at the time of arrest. Officer Kitchens testified that when appellant was taken into custody, Kitchens advised appellant of his rights and that appellant signed a waiver. The officer added that appellant was drinking at the time of arrest but that appellant had control of his mental faculties.

Appellant's final assertion was that specimens of his handwriting were taken without his consent. His consent was not required. *Gilbert* v. *State of California,* 388 U.S. 263 (1967); *Williams* v. *State,* 239 Ark. 1109, 396 S.W. 2d 834 (1965); *McGinnis* v. *State,* 251 Ark. 160, 471 S.W. 2d 539 (1971).

Affirmed.