LYNDALE "WIMPY" WALKER *v.* STATE OF ARKANSAS

CR 73-64                                   497 S.W. 2d 258

Opinion delivered July 23, 1973

*Leonard C. Smead,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. In 1970 appellant was sentenced to a total of 15 years imprisonment on charges of burglary, grand larceny and escape. Thereafter, he filed a petition for postconviction relief alleging five grounds of error. The trial court denied his petition without an evidentiary hearing. On appeal we found merit only in his contention of insanity and reversed for an evidentiary hearing on that issue. *Walker* v. *State,* 251 Ark. 182, 471 S.W. 2d 536 (1971). After the evidentiary hearing the trial court, by written findings of fact and conclusions of law, denied appellant's contention that he was suffering from a state of demented mental capacity and mentally unable to know and understand all that occurred during his trial

as well as his subsequent pleas of guilty to the other alleged offenses. On appeal appellant, through his court appointed attorney, contends that he is entitled to "relief from sentence[s] imposed because of insanity at time of trial caused by duress against him."

Appellant testified that he had received psychiatric treatment. He presented letters as exhibits from a psychiatrist that in 1961 he was diagnosed and treated by him for a brief time as "a simple schizophrenic" with poor prospect of improvement. Further, he was of a type that "is often known for drifting into law-breaking." However, during the few months the psychiatrist had observed appellant, the appellant had made "slow but certain response." Appellant later was incarcerated in the United States Disciplinary Barracks, Leavenworth, Kansas, on a charge of misappropriating government property. He said there he was treated by a psychiatrist for 14 months for a deficient mental condition. As to his 1970 trial and pleas, he testified to the effect that because of his diminished mental capacity accompanied by threats of long sentences and to prosecute his wife, he was in a "shock condition" to such an extent that it affected his mental capacity to deliberate as a witness and his willingness to enter pleas of guilty to the remaining charges. He was represented by retained counsel.

On cross-examination, appellant admitted that he remembered something about being tried for breaking into a trailer house and stealing a television; that he had a jury trial and recalled the names of his lawyer, the prosecuting attorney, and the trial judge. Also, that in 1966 when he was convicted of a criminal offense, he was sent to the Arkansas State Hospital for a 30-day mental examination preceding his trial.

His wife testified that he took about 18 of her mild sedative or tranquilizer tablets about two hours before his 1970 trial. She did not know what medical treatments he had experienced from local doctors and had never seen him take any medicine stronger than aspirin. She described him as a nervous and confused person. The tablets he took before the trial did not seem to affect him other than "calm him down." She did not know if he had ever discussed his mental condition with a doctor.

The state adduced evidence from the two officials the appellant said had coerced him. The prosecuting attorney, who prosecuted the appellant, said that he had observed the appellant when he prosecuted and convicted him in 1966 and again in 1970. He described the defendant as being competent and "crazy like a fox." Further, that to his knowledge the appellant was never threatened or abused in any manner by him or anyone else. The arresting officer testified that he was acquainted with the appellant and described him as being a very rational person who had not been subjected to any threats or duress. There was also testimony that the appellant persuaded one of the officers to take him from the jail under the guise of locating some concealed articles and, during the fruitless search, he escaped. The state also produced a copy of a letter dated July 19, 1966, from the Arkansas State Hospital reflecting that appellant was committed for a 30-day mental examination and was found to be "without psychosis."

We are of the view the evidence was amply sufficient to support the trial court's finding that there was no merit in appellant's contention that he was suffering from a state of demented mental capacity or subjected to duress during his trial and subsequent guilty pleas. To the same effect, see *Carney* v. *State*, 250 Ark. 205, 464 S.W. 2d 612 (1971). Therefore, in the case at bar, after a full canvass of the record, we find no infringement upon appellant's constitutional rights.

Affirmed.