James WISER *v.* STATE of Arkansas

CR 74-42                                  511 S.W. 2d 178

Opinion delivered July 8, 1974

*Davis & Douglas,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

J. FRED JONES. Justice. This is an appeal by James Wiser from an order of the Carroll County Circuit Court denying his petition for post-conviction relief under our Criminal Procedure Rule No. 1. Wiser was first convicted of first degree murder in 1970 and was sentenced to death by electrocution. Attorney Paul H. Jackson represented Wiser under appointment by the trial court, and on appeal to this court the judgment was reversed and the cause remanded for a new trial. *Wiser v. State,* 249 Ark. 271, 459 S.W. 2d 58.

Prior to Wiser's second trial he was granted a change of venue to Benton County where, following a three day trial, he was again found guilty of murder in the first degree and on April 5, 1971, he was sentenced to life imprisonment.

On September 19, 1973, Wiser filed his pro se motion for post-conviction relief in handprinted script that has become familiar to this court and, after reciting the history of his case in the first three paragraphs of his petition, he sets out his alleged grounds for post-conviction relief in paragraphs four and five as follows:

"4. Petitioner was sentenced in Benton County Circuit Court, on or about, April 14, 1971, for the said crime of murder. Petitioner was represented by counsel when arraigned, asked to enter a plea, and then subsequently sentenced in Benton County Circuit Court. Petitioner did not intelligently understand his right of counsel.

5. The records of Benton County Circuit Court do erroneously reflect that Petitioner entered a plea of not guilty, herein to the said crime of murder. Petitioner was sentenced to life on the charge of murder, and was sentenced to serve said time in the Arkansas State Prison."

The trial court, after finding of fact as above set out, concluded that the files and records in the case conclusively showed that Wiser was entitled to no relief and Wiser's motion was denied without holding an evidentiary hearing.

It would appear that Wiser's motion for post-conviction relief was drawn upon the theory or assumption that he had been sentenced on a plea of guilty without the assistance of counsel. He alleged in his motion that he did have the assistance of an attorney at all stages of his arraignment and trial; he alleges as ground for relief that he did not intelligently understand his right of counsel. Wiser was represented by the same counsel through the reversal of his first conviction and a change of venue for his second trial.

Different counsel was appointed to represent Wiser at his Rule 1 hearing and on this appeal from denial of his motion for post-conviction relief. Wiser now contends, for the first time on this appeal, that he was denied the effective assistance of counsel. Criminal Procedure Rule 1 (H) clearly provides that "All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition." Moreover, this court has consistently held that where an issue is not raised in the petition for post-conviction relief, that issue will not be considered when it is raised for the first time on appeal. *Carney* v. *State*, 250 Ark. 205, 464 S.W. 2d 612. We are of the opinion that petitioner's sole allegation that he "did not intelligently understand his right

of counsel" is not sufficient to raise the issue of inadequacy of representation.

In *Fleschner* v. *State,* 253 Ark. 58, 484 S.W. 2d 342, we refused to consider the issue of competency to stand trial where there was no mention of such ground in the petition. Similarly, in *Davis* v. *State,* 253 Ark. 484, 486 S.W. 2d 904, we declined to reach the issue of voluntariness of a guilty plea where the issue was raised for the first time on appeal. In the case at bar Wiser does not allege in his motion that his counsel negligently represented him, he merely asserts that he did not comprehend the nature and scope of his right to be represented. One represented by competent counsel, as in the case at bar, does not have to understand his constitutional right to counsel. The Constitution only requires that an accused understand such right before he can intelligently waive it. Wiser waived no rights in the case at bar. Even though Wiser now questions the competency or adequacy of his counsel for the first time on appeal, there is nothing in the record before us that would indicate he was not well represented by competent counsel.

The judgment is affirmed.