John Wayne McGEE *v.* STATE of Arkansas

CR 83-47                                    658 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered October 10, 1983

*Garner Taylor, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted by a jury of the crimes of rape and burglary for which he received sentences of forty and ten years respectively. Eight points are argued on appeal for reversal. We do not find prejudicial error to have occurred in the trial court.

About 1:00 a.m. on May 10, 1982, the 74 year old victim, who lived alone, was raped. The victim indicated to the police that she knew who her assailant was because he had been to her house with her nephew, George Edwards, on a previous occasion. The victim's eyesight was a point of contention; it was undisputed that it was very poor and she could not see to read or write. The appellant's defense was an alibi. He produced several witnesses at trial who stated he was in Oklahoma at the time of the rape. The disputed evidence relates primarily to identification of the appellant.

The first argument presented is that the trial court should have suppressed the identification testimony of the victim. He argues his arrest was illegal and therefore the identification was fruit of the poisonous tree. Identification is normally a matter to be decided by the trier of fact. *Beed* v. *State,* 271 Ark. 526, 609 S.W.2d 898 (1980). The trial court is granted a wide latitude of discretion during trial and will not be reversed in the absence of abuse of discretion. *Lasley* v. *State,* 274 Ark. 352, 625 S.W.2d 466 (1981). The trial court did not abuse its discretion even though the victim's testimony

may have been confusing and even contradictory. It was the duty of the jury to determine the reliability of her testimony.

After police officers appeared at his home and requested he go with them, appellant voluntarily went to the station. At the station where he was being questioned, he refused to appear in a lineup. An information had been filed by the prosecuting attorney. The affidavit of Officer Brooks was also filed. An arrest warrant was issued by a deputy clerk who had been authorized to do so. Appellant was arrested and then required to particpate in a lineup at which time he was identified by the victim as her assailant. Appellant argues the arrest was not legal because the affidavit for the warrant was not sworn and there was no probable cause. He argues the identification by the victim was the fruit of the poisonous tree as stated in *Wong Sun* v. *United States,* 371 U.S. 471 (1963).

We believe the warrant was issued upon probable cause which is sufficient to support the arrest. *Allen* v. *State,* 277 Ark. 380, 641 S.W.2d 710 (1982). The officers learned that the appellant had been in the victim's house on a previous occasion. A neighbor had observed an automobile parked near the victim's house the night of the incident and told the police she had seen the appellant driving the same vehicle on previous occasions. The neighbor picked appellant's picture from a photo lineup and identified him as the driver of the automobile which she had also identified from a photograph. Also the victim had told the attacker as he left her house to have her nephew, George, return her clock. The attacker replied that he didn't know George had taken it. Even though the warrant may have been invalid for lack of a sworn affidavit it could have been issued upon probable cause or by the authority of the information which had been filed against the appellant. A.R.Cr.P. 7.1 (c).

The second argument is that the court erred in allowing the photographic lineup to be entered into evidence. Appellant cites no authority for this argument. The argument is based upon the fact that these photographs had letters and numbers on them indicating appellant had been previously convicted. It is true that the evidence of prior convictions

was on the pictures. The record reveals that appellant insisted that the identification marks on the photographs not be taped over as suggested and at his request the court gave a limiting instruction to the jury which directed them not to consider the identification plaques as indication of any prior criminal conviction. Under the circumstances we consider the appellant to have waived this argument.

Appellant argues that a directed verdict should have been given at the close of the State's case and at the close of the trial. These arguments necessitate a review of the evidence. The state presented evidence that appellant had accompanied the victim's nephew, George Edwards, on a visit to her home; that at the time of the rape the victim told appellant she knew who he was but did not remember his name; that as the attacker was leaving the victim asked him to tell her nephew to return her clock and the appellant responded that he did not know George had taken it; identification of appellant was made by photo and live lineup; and, testimony was presented that appellant's car was parked at a vacant house next to the victim's residence at the time of the rape. The evidence, including the victim's testimony, may have been inconsistent or contradictory, but it was a matter for the jury to weigh its credibility and application. *Lasley* v. *State, supra.* We view the evidence on appeal in a light most favorable to appellee. *Fountain* v. *State,* 273 Ark. 457, 620 S.W.2d 936 (1981). Under the facts presented in this case, we find that there was no error in the trial court's refusal to grant a directed verdict for appellant.

Appellant argues reversible error was committed by the court in limiting cross examination of a witness. While Officer Jones was on the witness stand defense counsel asked him to give a description of the car he was looking for and the court sustained the state's objection to the question. The defense counsel should have been allowed to ask and have answered the question about the description of the car the officer was looking for. However, we find the error to be nonprejudicial because there was abundant evidence presented, including photographs, concerning the automobile in question. The court properly sustained the state's objection to the officer being asked to give the witness' de-

scription of the vehicle. Appellant cites no authority for the argument that the refusal to allow such an answer was prejudicial and we do not find any cases or other law to support it. It is also argued that it was erroneous to reject testimony tending to show a family feud over the fact that George Edwards had brought appellant to the victim's home. The question presented to Officer Brooks required a hearsay answer and was properly excluded. Arkansas Uniform Rules of Evidence, Rule 802.

The sixth argument for reversal is that the trial court erred in allowing Officer Boyd to testify in rebuttal about a statement appellant made when he was first contacted by the police. Officer Boyd testified that when he went to appellant's home and told him the police desired to question him about the rape of Ms. Lockett he responded to the effect that he knew her and he was at home at the time she was raped. This testimony came after appellant had presented several alibi witnesses who testified that he was in Oklahoma at the time of the commission of the crime in question. Appellant insists such testimony was not rebuttal because appellant did not take the stand to testify. This testimony was proper in rebutting appellant's alibi evidence. It was a voluntary statement made without interrogation and while he was not in custody. *Crawford* v. *State,* 254 Ark. 253, 492 S.W.2d 900 (1973). The Miranda rule does not apply because the appellant was not under arrest and was not in custody when he made the spontaneous utterance. Neither was he being interrogated by the police at the time. *Lacy* v. *State,* 271 Ark. 334, 609 S.W.2d 13 (1980). Appellant had been notified in advance of the trial that this statement would be used only if his defense was alibi. A correct ruling by the trial court will not warrant reversal simply because the court gave the wrong reason for the ruling. *Chisum* v. *State,* 273 Ark. 1, 616 S.W.2d 728 (1981).

The final argument is that a mistrial should have been granted because the jury apparently considered parole eligibility in its deliberations. Almost two hours after commencing deliberation the jury returned to ask what difference forty years or life would make on parole eligibility. The court overruled appellant's request for a

mistrial. The court also rejected appellant's request for an instruction informing the jury that they should presume the appellant would serve whatever sentence he received by the court. Instead the trial court instructed the jury that they were not to consider parole in any way during deliberations. It seems to us the court was following our rule as stated in *Andrews* v. *State*, 251 Ark. 279, 472 S.W.2d 86 (1971). Although it would have been error to instruct the jury about the law as it relates to parole, it is not possible to keep jurors from using common knowledge to think about parole eligibility during deliberations. *Ashby* v. *State*, 271 Ark. 239, 607 S.W.2d 675 (1980).

Affirmed.